Scott, adm'rx, *vs.* Scott.

AMANDA SCOTT, administratrix, etc., plaintiff in error, *vs.* DANIEL SCOTT, defendant in error.

1. A demurrer to a bill on the ground that the complainant has a complete remedy at law, ought not to be sustained, unless it appears that the complainant has a remedy at law that will secure his whole rights in a perfect manner, at the present time, and in the future.

Bill in equity. In the Superior Court of Newton county. Decided by Hon. JOHN J. FLOYD, Judge of said Court. At March Term, 1861.

The following statement of facts will present the questions at issue between the parties to this case, and brought before the Supreme Court for review :

During the years 1849, 1850 and 1851, Samuel Scott and Thomas F. Jones carried on the business of merchandizing in the county of Newton, as partners, under the firm name and style of Scott & Jones. Daniel Scott was their clerk, and, during this time, had charge of the business, and when it closed, the books of accounts and notes of the firm were left with him to be collected, and with the proceeds to pay off the debts outstanding against the firm. Daniel Scott wound up the business, and made out a full and complete statement of what he had received, and what he had paid out, for the firm, by which it appeared that the firm was indebted to him the sum of $3,284 89. This statement of accounts was exhibited to both members of the firm, and, after examination, admitted by them to be correct. On this indebtedness, Samuel Scott, at five different times, made payments, which amounted, in the aggregate, to the sum of $1,370 81. For these payments Samuel Scott took the notes of Daniel Scott, instead of receipts, alleging, as a reason therefor, that he was anxious to have a settlement with Jones, his former partner, of the matters between them, and that, so soon as that settlement could be had, the notes should be given up. It was distinctly understood, at the time the notes were given, that they were not evidences of debt, but were mere memoranda of payments. In the year 1859, Samuel

Scott, adm'rx, vs. Scott.

Scott died, and Amanda Scott, his widow, obtained administration on his estate, and, as administratrix, instituted suit against Daniel Scott, on the notes given by him to Samuel Scott, as before stated.   Daniel Scott then exhibited his bill in equity against the said Amanda Scott, administratrix of Samuel Scott, deceased, and Thomas F. Jones, the surviving partner, alleging the facts herein detailed, and prayed that the common law action against him should be enjoined, and that the parties should be decreed to account to him for the balance due him from the firm of Scott & Jones, on the statement before alluded to.

Amanda Scott met the bill by a demurrer on the grounds :

1st. That complainant has an ample and complete remedy at common law.

2nd. That complainant had improperly joined the defendant demurring, and Thomas F. Jones, as co-defendants, there being no privity, connection, or identity of interest between them.

3rd. That complainant's bill is multifarious, in that it includes two separate and distinct causes of action.

After argument had on the demurrer, the presiding Judge overruled the same, on all the grounds taken therein, and that decision is complained of as error.

CLARK & LAMAR, for plaintiff in error.

R. G. HARPER, contra.

By the Court—JENKINS, J., delivering the opinion.

In considering a demurrer to a bill in Chancery, the case must be taken as made in the bill.   Where an injunction of a suit, pending at law, has been obtained, and relief is sought in equity, the defendant demurring to the bill on the ground that " the complainant has a complete remedy at law," must be understood as affirming, not simply that, if the averments in the bill be true, he might successfully have resisted the recovery sought against him at law, but that he might have obtained in that suit at law a complete remedy for the *case*

*made in his bill.* It often occurs, that the facts set forth in a bill, praying injunction of a common law action, and relief, entitle the complainant not only to a judgment exempting him from liability to the plaintiff at law, but to something more—to a recovery against that plaintiff, or against him and others; and yet, that by reason of the stringent rules of common law, under the peculiar circumstances of the case, he could have every negative, and no positive relief. The consequence, in such cases, is, at law, that the Court adjudges that the plaintiff take nothing by his plaint, and there stops. To obtain the full measure of his rights, the defendant must institute a suit against him who was plaintiff in the other suit, or against him *et al.,* and adduce proof of the identical facts, before proven as matter of defence. We will be understood now as speaking solely of rights originating in contracts, express or implied. The result is a multiplicity of suits to obtain one end—settle one controversy. Mr. Justice Story, in section 33, volume 1, of Treatise on Equity Jurisprudence, after stating the general principle that equity has jurisdiction, in cases of rights recognized and protected by municipal jurisprudence, where a plain, adequate and complete remedy cannot be had in the Courts of common law, adds, " the remedy must be adequate, for if, at law, it falls short of what the party is entitled to, that founds a jurisdiction in equity. And it must be complete; that is, it must obtain the full end and justice of the case."

It must reach the whole mischief, and secure the whole rights of the party, in a perfect manner, at the present time, and in future; otherwise, equity will interfere, and give such relief and aid as the exigency of the case may require. See, also, Mitford Eq. Plead. by Jeremy, 111, 112, 117, 123. 1 Woodeson's Lectures, Lec. 7, pp. 214, 215. Hinds' Prac., 153. Eorpies Eq. Pl., 128, 129. Further, Lord Redesdale, in enumerating cases in which equity assumes jurisdiction, makes this a distinct class. " To put a bound to vexatious *and oppressive litigation, and to prevent multiplicity of suits."* This classification, as properly defining the extent of equity

jurisdiction, is adopted by Mr. Justice Story, in section 472, Equity Pleading.

1st. We hold, then, that a bill in equity, wherein injunction of a common law action, and relief is sought, is not demurrable, on the ground that the complainant's remedy is adequate and complete at law, if it appears from the *same facts* as stated in the bill, 1st, that the plaintiff at law is not entitled to recover; 2d, that the defendant is entitled to recover something; and 3d, that he could not shape his defence in the action pending at law, so as to recover his full measure of right. In such a case, equity will interfere to settle the whole controversy by one decree, the negative and positive relief sought by complainant depending upon the very same fact. Let us apply this rule to the case at bar. The complainant alleges that one Scott and one Jones, who had been carrying on a mercantile business, in partnership, employed him to settle up their affairs; that he had collected all debts due them, and paid all due by them—had made out an account of receipts and expenditures, in his agency, from which it appeared he had paid largely more than he had received, and which they admitted to be correct, promising to pay him the balance; that he had never been paid in full, but Scott had made him sundry partial payments, taking, each time, complainant's note, instead of his receipt, for the amount of payment, because, he said, there had not been a settlement between the partners, but distinctly promised that when such settlement was had he would give up the notes; that the consideration of each note was a partial payment by one partner of a debt due by both to complainant; that Scott having died, the defendant in equity had administered on his estate, and instituted suit on those notes against complainant at law. The bill was filed against the plaintiff below, as administrator of Scott, and Jones, the surviving partner, and prayed injunction of the common law action, and a decree for the balance of the indebtedness thus partially discharged. Assuming the truth of these allegations, it is manifest the plaintiff at law is not entitled to recover. It is equally manifest that the complainant is entitled to the unpaid balance of the

indebtedness of Scott & Jones to him.  It is no less clear, that he could not make this demand a set-off against the administratrix of Scott, in an action to which Jones was no party. Thus is the case brought within the rule stated.

2nd.  But the demurrer is placed, secondly, on the ground that the defendants have been misjoined, there being no privity, no connection or indentity of interest between them. The complainant's case consists of two leading facts: 1st, that the intestate of the plaintiff below, and the other defendant in equity, were jointly indebted to him, and that the notes sued on at law were not, in fact or in mutual understanding between the parties, evidences of debt, but evidences of partial payment by one of the joint debtors.  The fact that the plaintiff at law is seeking to enforce them as evidences of debt, makes *her* an indispensable party to this bill. But seeing that complainant is seeking to set up a debt against the late firm, can it be said that the surviving partner has no interest in the subject matter, no connection with it, no privity with the representative of the deceased partner ?  Has he no interest in the alleged partial payments of this joint debt ?  The reverse is too plain for argument.

3rd.  But, thirdly, the demurrer is sought to be maintained on the ground that the bill is multifarious, in that it includes two separate and distinct causes of action.  Not so, unless it can be established that a debt, and a partial payment of it, are matters so separate and distinct that they cannot be inquired of in the same action.

The two propositions undertaken to be established by the complainant are, 1st, that Scott & Jones owed him a debt ; and 2d, that Scott made partial payment on that debt, and took, by common consent, the notes in suit at law as evidence of the payment.  To prove the payment, I apprehend it is necessary, first, to establish the debt.  Were there but one defendant, could there be any question on this point?

The fourth and last ground of demurrer, is the general one that there is no equity in the bill.  Enough has, perhaps, been said to dispose of this ground ; but we may add, that the consequence of sustaining this demurrer would be,

1st, to compel the complainant to litigate the question of the true character of the notes involved with the administratrix of the deceased partner, and, in so doing, to prove against her the partnership debt; 2nd, to compel him to litigate the same debt with the surviving partner; 3rd, to induce litigation of the indebtedness and partial payment between the surviving partner and the administratrix of the deceased; whereas, in this bill, by one decree, all the questions can be adjudicated. It must be borne in mind, moreover, that the defendant demurring is the promovant party in this litigation, the party who has precipitated, if not resuscitated, complainant's activity in the assertion of his rights. Her demurrer was properly overruled. Let the judgment be affirmed.