## STARNES *v.* CITY OF ATLANTA.

HILL, J. 1. As a general rule, equity has no jurisdiction to enjoin prosecutions for criminal offenses; and prosecutions for violations of municipal ordinances, which are punishable by fine or imprisonment, are quasi-criminal in their nature, and come within the above rule. Cases where equity will enjoin the enforcement of such ordinances are exceptional in character. *Georgia Ry. & El. Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296); *White* v. *Tifton,* 129 *Ga.* 582 (59 S. E. 299); *Rowland* v. *Commissioners,* 133 *Ga.* 190 (65 S. E. 404); *Mayor &c. of Jonesboro* v. *Central Ry. Co.,* 134 *Ga.* 190 (67 S. E. 716); *Mayor &c. of Shellman* v. *Saxon,* 134 *Ga.* 29, 32 (67 S. E. 438).

2. An equitable petition showed in substance the following: The plaintiff, a physician, had leased certain property within the city of Atlanta, and had opened and was maintaining a sanitarium for the treatment of persons afflicted with nervous troubles and the liquor and drug habit, and was treating patients therein. An ordinance of the city provided that "It shall be unlawful for any person or persons in this city to erect or maintain any hospital, infirmary, house or place of refuge, or reformatory, or asylum, or other place where persons are received for reformation or treatment, without first having obtained the consent of the mayor and general council of said city for the erection and maintenance of the same; and all applications to the mayor and general council for permission to erect, maintain, or carry on any place for any such purpose must plainly and distinctly show the particular locality where the same is desired, and for what purpose the same is desired to be erected or maintained, and what class of persons are to be admitted to the same. Any person or persons who shall violate the provisions of this ordinance shall, on conviction, be punished by a fine of not more than two hundred dollars and imprisoned not exceeding thirty days, either or both, in the discretion

of the recorder's court, for each and every such offense committed." The plaintiff had not obtained consent of the mayor and city council for the maintenance of the sanitarium, although he had made application therefor and it had been refused. A case was made against the plaintiff by the license inspector of the city, in the recorder's court, for the violation of the ordinance, and he was being prosecuted therefor. There was no allegation that the defendant was insolvent. The prayer of the petition was that the city and its employees be restrained from interfering with the plaintiff in the operation of the sanitarium; and that the ordinance of the city be declared void for various reasons. *Held*, that the petition makes such a case as brings it within the general rule announced in headnote one.

3. The court did not err in dismissing the petition on demurrer.

*Judgment affirmed. All the Justices concur.*
FEBRUARY 27, 1913.

Equitable petition. Before Judge Pendleton. Fulton superior court. December 4, 1911.

*Anderson, Felder, Rountree & Wilson* and *Moore & Branch,* for plaintiff. *J. L. Mayson* and *W. D. Ellis Jr.,* for defendant.