BERNSTEIN *et al. v.* CITY OF VIDALIA (six cases).

HILL, J. Upon conflicting evidence the judge did not abuse his discretion in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

Nos. 6087-6092. JANUARY 12, 1928.

Petitions for injunction. Before Judge Camp. Toombs superior court. May 14, 1927.

Bernstein, Gilstrap, Harris, Kavakos, McNatt, and Rushing each presented a petition to enjoin the municipality from enforcing as to him, by prosecution in the city police court, an ordinance imposing a business-license tax; alleging that he was a veteran of the late world war and held a license to do business as such, issued by the ordinary of the county under statute enacted by the legislature of Georgia (Ga. L. 1919, p. 90), and was not subject to be so taxed by the city. By demurrer and answer the city raised the issue that the plaintiff in each case was not disabled and indigent; and the conflict of evidence was as to this issue. Injunction was denied.

*Saffold & Sharpe,* for plaintiffs.

*D. C. Pattillo* and *B. P. Jackson,* for defendant.

BECK, P. J. and GILBERT, J., concurring specially. We concur in the judgment of affirmance, but do not base this concurrence upon the mere fact that the evidence is conflicting. These cases are essentially suits to enjoin criminal prosecutions, and fall within the general rule that a court of equity has no jurisdiction to enjoin criminal prosecutions. The rule that has been stated many times, and in the case of *Georgia Railway & Electric Co.* v. *Oakland City,* 129 *Ga.* 576 (59 S. E. 296), it was fully stated and amplified, and illustrated by a reference to decisions of this court, and of other courts, covering the questions here raised, and showing clearly that the instant case is not an exception to the general rule. These decisions render unnecessary an elaborate discussion of the question here involved. See also *Starnes* v. *Atlanta,* 139 *Ga.* 531 (77 S. E. 381).