FELTON *v.* CHANDLER *et al.*

WYATT, Justice. The exception is to a judgment sustaining general and special demurrers to a petition seeking a declaratory judgment. The petition as amended is in two counts and is brought by a lessor against a lessee and his assignees—the basis of the action being a lease for ten years of a brick building. In the petition, it is alleged, in brief, that the lessee has made an unauthorized transfer of the lease; that the terms of the lease have been violated by the defendants, in that the lease has been assigned without the consent of the lessor, the assignees are conducting a business in the premises different from that contemplated and authorized in the lease, and the assignees have made certain alterations in the building, contrary to the terms of the lease; that a controversy exists between the parties, in that, contrary to the contention of the plaintiff, the defendants contend that the terms of the lease have not been violated. Both counts are practically the same, the only substantial difference being that count one alleges a subletting of the premises, and count two alleges an assignment. The prayers of the petition are for a declaratory judgment, declaring the rights and status of the parties, and declaring that the lessee has breached the lease, that the assignees have no legal right to occupy the premises, and for general relief. *Held:*

1. Article 6, section 2, paragraph 4 of the Constitution of Georgia (Code, Ann. Supp., § 2-3704) provides that the Supreme Court shall have jurisdiction "in all cases that involve the construction of the Constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting title to land; in all equity cases; in all cases which involve the validity of or the construction of wills; in all cases of conviction of a capital felony; in all habeas corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases, and in all cases certified to it by the Court of Appeals for its determination." By article 6, section 2, paragraph 8 of the Constitution (Code, Ann. Supp., § 2-3708), it is provided that the Court of Appeals shall have jurisdiction in all cases in which jurisdiction has not been conferred by the Constitution upon the Supreme Court.

2. An action brought under the Declaratory Judgments Act (Ga. L. 1945, p. 137) is not an equitable proceeding per se. "There is some difference of opinion as to the nature of declaratory judgment proceedings. It has been said that such proceedings are equitable in nature. Inasmuch, however, as the right to have declarations made is distinctly granted by statute, it would seem out of place not to consider the right a legal one, even though it may at the same time, in some instances, be in the nature of those heretofore denominated 'equitable.'" 16 Am. Jur., Declaratory Judgments, p. 289, § 15; 87 A. L. R. 1209.

3. Nor is a declaratory judgment proceeding one which involves an extraordinary remedy within the meaning of the Constitution, which contemplates such proceedings as mandamus, prohibition, and quo warranto.

4. Although it may be that in an appropriate case, under appropriate pleadings, equitable relief might be granted in a declaratory judgment action, since the act provides that "further relief based on or included in the declaratory judgment or decree may be granted in the same suit," and "the court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases," the present case is not one which invokes the equitable jurisdiction of the court, since there is no prayer for injunction or other equitable relief, and the allegations and prayers of the petition are not such as make a case for equitable relief.

5. Since the allegations and prayers of the petition are not such as otherwise make a case which falls within the jurisdiction of the Supreme Court, it follows that the case should be transferred to the Court of Appeals.

    *Transferred to the Court of Appeals. All the Justices concur.*

No. 15609.   OCTOBER 8, 1946.

*Carlisle & Bootle,* for plaintiff.

*Jones, Jones & Sparks, E. P. Johnston,* and *Charles M. Cork,* for defendants.