## MILWAUKEE MECHANICS' INSURANCE CO.
### *et al v.* DAVIS *et al.*

No. 16269. JULY 15, 1948.

*Neely, Marshall & Greene* and *Edgar A. Neely, Jr.,* for plaintiffs.

*Herbert Johnson, Calhoun & Calhoun, Hewlett & Dennis,* and *T. F. Bowden,* for defendants.

CANDLER, Justice. (After stating the foregoing facts). It is always our duty, with or without motion, to inquire into the jurisdiction of this court in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Dobbs* v. *Federal Deposit Ins. Corp.,* 187 *Ga.* 569 (1 S. E. 2d, 672); *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602); *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638); *Dade County* v. *State of Ga.,* 201 *Ga.* 241 (39 S. E. 2d, 473). When this case was orally argued we invited counsel for all the parties to submit briefs on the question of our jurisdiction of the writ of error, and that has been done. In the brief for the defendants in error, Morton and Hawkins, it is insisted that jurisdiction of the writ of error is in this court, since the suit is in effect a proceeding to cancel the insurance contract issued by the plaintiffs to the defendant Davis. We now dispose of that contention by holding that the allegations and prayers of the petition can not reasonably be construed as a proceeding for equitable relief by cancellation. No facts are alleged which would authorize such relief and there is no prayer for the same. It is also contended by all the parties that the petition seeks injunctive relief and that this court, for that reason, has jurisdiction. Art. 6, sec. 2, par. 4 of the Constitution of 1945 (Code, Ann., § 2-3704), gives this court jurisdiction "in all equity cases" and

"in all cases involving extraordinary remedies." In *Felton* v. *Chandler*, 201 *Ga.* 347 (39 S. E. 2d, 654) this court held that a proceeding brought under the Declaratory Judgment Act (Ga. L. 1945, p. 137) is not per se an equitable action; nor is it a proceeding involving an extraordinary remedy within the meaning of our Constitution. Admittedly, this court does not have jurisdiction of the present case in so far as it relates to a determination and declaration of the rights and liabilities between the plaintiffs and the defendant Davis, the parties in actual controversy. But as shown, it is insisted that jurisdiction of the writ of error is in this court because of the prayer for injunctive relief against the defendants Morton and Hawkins. As to these two defendants no other relief was sought. In so far as the actual controversy is concerned, they are nominal parties only. Section two of our Declaratory Judgment Act provides: "The court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases." We do not think that this purely incidental and ancillary relief provided for by the act, for the purpose only of retaining the status quo of an existing controversy until there can be a determination and declaration of the rights and liabilities of the parties in controversy, is a provision for *equitable relief* as contemplated by the Constitution in defining the jurisdiction of this court. In the present case no permanent relief is sought by injunction against the defendants Morgan and Hawkins. In effect, the only relief sought against them is a stay of the suits filed by them against Davis until the rights and liabilities of the parties in actual controversy can be determined and declared. All the relief sought against them will immediately terminate upon a declaration of the rights and liabilities between the plaintiffs and the defendant Davis. We do not think that the allegations and prayers of the petition as they related to the defendants Morton and Hawkins changed the character of a purely legal cause of action into an equitable one so as to bring the case within the jurisdiction of this court; and therefore we hold that the Court of Appeals and not this court has jurisdiction of the writ of error. Accordingly the case is

*Transferred to the Court of Appeals.*

*Duckworth, Presiding Justice, Atkinson, Wyatt, Head, and Candler, Justices, and Judge Graham concur. Jenkins, Chief Justice, disqualified.*