FINDLEY *et al. v.* CITY OF VIDALIA *et al.*

No. 16316. SEPTEMBER 14, 1948.

*T. Ross Sharpe,* and *Martin, Martin & Snow,* for plaintiffs.
*Darby & Lewis* and *Jackson & Graham,* for defendants.

HEAD, Justice.   In all cases where it may appear that jurisdiction of a writ of error is in doubt, it is the duty of the Supreme Court to determine the question of its jurisdiction.   *Dade County* v. *State of Ga.,* 201 *Ga.* 241 (39 S. E. 2d, 473).   The jurisdiction of this court is fixed by the Constitution, art. 6, sec. 2, par. 4 (Code, Ann. Supp., § 2-3704); and jurisdiction not specifically fixed by the Constitution upon the Supreme Court is conferred upon the Court of Appeals.   *City of Trenton* v. *Dade County,* 201 *Ga.* 189 (39 S. E. 2d, 473).

The real issue involved in this case is the attack made upon the contract (and resolution providing for its execution) between the City of Vidalia and J. B. McCrary Company Inc.   The plaintiffs' petition is not one in equity for the cancellation of a contract under the Code, § 37-207.   Whether or not the contract between the City of Vidalia and J. B. McCrary Company is ultra vires (in excess or beyond charter powers of the City of Vidalia), and is therefore null and void, is a question of law within the jurisdiction of the Court of Appeals.

The bill of exceptions of the plaintiffs in error states: "The Supreme Court has jurisdiction of this writ of error, in that extraordinary relief, to wit, an injunction, was sought in connection with the declaratory judgment."   A temporary restraining order was granted pending a hearing.   At the hearing the trial court sustained general demurrers to the petition.   No application was made for a supersedeas and none was granted.   It is unnecessary for this court to determine whether the only equitable feature of the case (injunction) was eliminated from it by the failure to make application for a supersedeas, in which event the record should be transferred to the Court of Appeals under the rule that, where the equitable features of litigation are eliminated and only questions of law remain, jurisdiction is vested in that court.   See *Brightwell* v. *Oglethorpe Telephone Co.,* 176 *Ga.* 65 (166 S. E. 646); *Mills Lumber Co.* v. *Milam,* 184 *Ga.* 455 (192

S. E. 35) ; *Bartlett* v. *Walker,* 189 *Ga.* 154 (5 S. E. 2d, 373) ; *Gilbert Hotel* v. *Black,* 192 *Ga.* 641, 643 (16 S. E. 2d, 435). In this case, the only substantial relief sought (declaratory judgment as to the validity of a contract) is allowable in a court of law. Under the Declaratory Judgments Act (Ga. L. 1945, p. 137, Code, Ann. Supp., § 110-1102), it is provided: "The court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases." From this provision of the Declaratory Judgments Act there can be no doubt but that it was the legislative intent to confer upon courts of law the right to maintain the status pending a declaration of the rights of the parties, and that is exactly what occurred in this case. An attack involving only questions of law was made as to the validity of a contract, and the restraining order sought was to maintain the status pending a determination of the validity of such contract. See *Milwaukee Mechanics Ins. Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d, 876).

It is conceded by counsel for the plaintiffs in error that the temporary restraining order granted by the trial court was purely ancillary. In a reply brief, in response to a motion to dismiss, counsel for the plaintiffs in error state: "The motion to dismiss is fatally deficient for two reasons: (1) the prayer for interlocutory injunction was merely ancillary to the petition for a declaratory judgment, seeking to declare that the contract between the city and McCrary was null and void." Counsel for the plaintiffs in error correctly stated the effect of the temporary restraining order. This not being an equitable case, or one containing equitable features under the Declaratory Judgments Act, jurisdiction is vested in the Court of Appeals and not in the Supreme Court.

*Transferred to the Court of Appeals. All the Justices concur, except Bell., J., absent on account of illness.*