STANDARD ACCIDENT INSURANCE COMPANY *v.* FOWLER *et al.*

HAWKINS, Justice. When this case was here before, it presented the questions of whether, as against the demurrer, the petition of the insurance company set out a good cause of action for a declaratory judgment that the insurance policy in question, issued by the plaintiff to one of the defendants, had been canceled, and also the grant of injunctive relief to restrain some of the defendants from prosecuting their actions against the other defendant, the alleged insured, until the question of the alleged cancellation of the policy of insurance could be determined. *Mensinger* v. *Standard Accident Insurance Co.,* 202 *Ga.* 258 (42 S. E. 2d, 628). There is no assignment of error in the record now before the court relative to the injunctive relief sought, and no question raised with reference to it, but the assignments of error here are upon judgments denying a motion for a directed verdict, denying a motion for a judgment in favor of the plaintiff notwithstanding the verdict, and overruling a motion for new trial in a case where the only question involved was whether or not the policy of insurance had been canceled. Counsel for the plaintiff in error state in their brief, "All of the motions raise the one question whether the evidence demands a judgment for the plaintiff." Counsel for the defendants in error in their brief state: "The question for decision as stated in plaintiff in error's brief is correct, or stated otherwise: was there any evidence to support the verdict that the policy had not been canceled?" It will thus be seen that the only

equitable feature of the case has been eliminated, in so far as the present record is concerned, and that the trial actually had was with reference to the validity of the insurance policy; the plaintiff insisting that it had been canceled, and one of the defendants contending that it had not—essentially an action at law. It therefore appears that all questions for decision under the present record are properly within the jurisdiction of the Court of Appeals, and not the Supreme Court. *Halliburton* v. *Collier*, 201 *Ga.* 340 (39 S. E. 2d, 698); *Felton* v. *Chandler*, 201 *Ga.* 347 (39 S. E. 2d, 654); *Swett* v. *Life & Casualty Insurance Co. of Tennessee*, 201 *Ga.* 796 (41 S. E. 2d, 313); *Findley* v. *Vidalia*, 204 *Ga.* 279 (49 S. E. 2d, 658).

*Transferred to the Court of Appeals. All the Justices concur.*

No. 16498. FEBRUARY 17, 1949.

*James A. Branch* and *Thomas B. Branch, Jr.*, for plaintiff.

*Andrews & Nall, W. George Thomas*, and *Mose S. Hayes*, for defendants.