## BOND, guardian, *v*. RAY.

No. 17329. FEBRUARY 13, 1951.

*Hall & Bloch, J. René Hawkins,* and *Denmark Groover,* for plaintiff in error.

*James D. Shannon, R. A. Harrison,* and *Martin, Snow & Grant,* contra.

CANDLER, Justice. (After stating the foregoing facts.) With or without motion therefor, it is always the duty of this court to determine its jurisdiction. *McDowell* v. *McDowell,* 194 *Ga.* 88 (20 S. E. 2d, 602); *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638); *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d, 473). By article 6, section 2, paragraph 4 of the Constitution of 1945, this court is given jurisdiction "in all cases respecting title to land" and "in all equity cases." Code, (Ann.), § 2-3704. But, after a careful examination and consideration of the petition in the present case, we have reached the very definite conclusion that this court does not have jurisdiction of the writ of error for either of the above constitutional reasons; and this is true because:

(a) "Cases respecting title to land," as that term is used in the Constitution for the purpose of defining the jurisdiction of this court, refer to and mean actions at law, such as ejectment and statutory substitutes, in which the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land. *Frazier* v. *Broyles,* 145 *Ga.* 642 (89 S. E. 743); *Owenby* v. *Stancil,* 190 *Ga.* 50 (8 S. E. 2d, 7); Powell on Actions for Land, § 150. Obviously, since the petition in this case shows that the plaintiff

is now, and has been since October 9, 1939, in actual possession of the land described in the deed here involved, the present action is not one at law for the recovery of land, either in ejectment or any of its substitutes.

(b)  In *Felton* v. *Chandler*, 201 *Ga.* 347 (39 S. E. 2d, 654), and again in *Milwaukee Mechanics' Ins. Co.* v. *Davis*, 204 *Ga.* 67 (48 S. E. 2d, 876), this court held that the relief provided for under the provisions of our declaratory-judgment act (Ga. L. 1945, p. 137) is not equitable per se; and in suits instituted under the act, where there is an absence, as here, of appropriate pleadings and prayers for specific equitable relief, in addition to those for the statutory relief provided for thereby, the case does not fall within the jurisdiction of this court as being one in equity.

And since the allegations and prayers of the petition are not such as otherwise make a case which comes within the jurisdiction of this court, it necessarily follows that the Court of Appeals has jurisdiction of the writ of error under article 6, section 2, paragraph 8 of the Constitution of 1945 (Code, Ann. § 2-3708), and it must be and is

*Transferred to the Court of Appeals.  All the Justices concur, except Head, J., who dissents.*