Georgia Casualty & Surety Co. *v.* Turner *et al.*

Head, Justice. 1. A petition seeking a declaratory judgment is not per se an equitable action (*Felton* v. *Chandler,* 201 *Ga.* 347, 39 S. E. 2d, 654), nor is it converted into an equitable action merely because the court may grant a temporary restraining order to "maintain the status" pending an adjudication with "respect to rights, status and other legal relations." Declaratory Judgments Act (Ga. L. 1945, p. 137, Code, Ann. Supp., § 110-1102); *Milwaukee Mechanics' Insurance Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d, 876); *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d, 658).

2. An allegation that the "petitioner . . has no adequate remedy at law," and an allegation by amendment that an adjudication as to the legal rights of the parties under an "exclusion" provision in a policy of insurance will prevent a multiplicity of suits, must be construed in connection with the facts alleged, and the prayers of the petition, in determining the nature of the action. Legal questions are not changed in character by the Declaratory Judgments Act, or by allegations which might be germane in an action for equitable relief. In the present case, a declaratory judgment construing an "exclusion" provision in a policy of insurance, and the respective legal rights of the parties thereunder, is the only substantial relief prayed. The legal relief sought is, on review, within the jurisdiction of the Court of Appeals, and not this court. Constitution, Art. VI, Sec. II, Par. IV, (Code, Ann., § 2-3704).

*Transferred to the Court of Appeals. All the Justices concur.*

No. 17764. Argued February 11, 1952—Decided March 10, 1952.

*Martin, Snow & Grant,* for plaintiff.
*Miller, Miller & Miller,* for defendants.