18524. ULMER *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA *et al.*

HEAD, Justice. In the present case, prior to a hearing by the assessors to fix the value of the property sought to be condemned for highway purposes, the County of Lowndes and the condemnee entered into a written contract, wherein it was agreed, in consideration of certain acts by the county, such as moving a house from the right-of-way, relocation of certain water lines, and other items, that the assessors might find only the value of the land and no amounts for consequential damages or consequential benefits. Subsequently an award was made by the assessors fixing the value of the land taken, and an appeal was entered. The condemnee seeks by an action for declaratory judgment to have a final judgment entered by the court for the value of the land as fixed by the assessors, on the theory that the contract converted the statutory condemnation into an arbitration under the Code, Chapter 7-2. She prayed that the appeal be stayed by injunction until the rights of the parties are determined. *Held:*

1. "A petition seeking a declaratory judgment is not per se an equitable action (*Felton* v. *Chandler,* 201 *Ga.* 347, 39 S. E. 2d 654), nor is it converted into an equitable action merely because the court may grant a temporary restraining order to 'maintain the status' pending an adjudication with 'respect to rights, status and other legal relations.' Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1102); *Milwaukee Mechanics' Insurance Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d 876); *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d 658)." *Georgia Casualty & Surety Co.* v. *Turner,* 208 *Ga.* 782 (60 S. E. 2d 771).

2. The plaintiff in error sought a declaration of rights pursuant to a contract. Jurisdiction of the cause is not conferred on this court because she sought to restrain a trial of the appeal in the condemnation case until the prayers of her petition for a declaration of rights could be heard.

*Transferred to the Court of Appeals. All the Justices concur.*

ARGUED MARCH 8, 1954—DECIDED APRIL 12, 1954.

*Bloch, Hall, Groover & Hawkins, R. G. Dickerson,* for plaintiff in error.

*Eugene Cook, Attorney-General, C. Winton Adams, A. J. Little, B. Lamar Tillman,* contra.