18601. STAUB *et al. v.* MAYOR &C. OF BAXLEY *et al.*

ALMAND, Justice. Rose Staub and Mamie Merritt brought suit against the City of Baxley, Georgia, the Mayor & Council of the City of Baxley, Georgia, and the Chief of Police of Baxley, Georgia, alleging in substance: that they were representatives of a labor union engaged in the business of soliciting members for the labor union; that the City of Baxley has enacted an ordinance which requires the representatives of any organization soliciting membership in an organization requiring the payment of dues by its members to secure a permit and pay a license fee of $2,000 and $500 for each member secured; that the petitioners have been arrested and charged with failure to comply with the ordinance; that the case was then pending in the recorder's court and threats had been made to make other cases if they again solicited memberships in the organization without complying with the terms of the ordinance. It was alleged that the ordinance was invalid for reasons set out in the petition and should not be enforced against them; that an actual controversy existed, and they were entitled under the declaratory judgment act to have their rights declared; and that the city and its officers should be temporarily restrained and enjoined until the declaration of rights could be secured. An ex parte order was signed requiring the defendants to show cause on a named date why they should not be temporarily restrained and enjoined as prayed. The defendants demurred generally to the petition, on the grounds (a) the petition fails to set out a cause of action either at law or in equity; (b) the plaintiffs have an adequate remedy at law; (c) it affirmatively appears that the plaintiffs seek to have equity enjoin a municipal corporation from prosecutions for the violation of a municipal ordinance where no property rights are involved; (d) there are no allegations that the plaintiffs have made application to the city for a permit or that the same has been refused; and (e) the attack is made only upon one section of the ordinance. At a hearing, the general demurrer to the petition was sustained. *Held:*

1

2

1. The Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101 et seq.) does not give the superior court authority to render a declaratory judgment as to the validity or invalidity of a municipal ordinance where there is a pending prosecution of the plaintiff by the defendant municipality for a violation of the ordinance. See *Darnell* v. *Tate*, 206 *Ga.* 576 (2) (58 S. E. 2d 160).
2. Equity takes no part in the administration of the criminal law. Code § 55-102. Prosecutions for violations of municipal ordinances which are punishable by fine or imprisonment are quasi-criminal in nature and come within the above rule. *Starnes* v. *City of Atlanta*, 139 *Ga.* 531 (1) (77 S. E. 381). The fact that repeated arrests and prosecutions may be instituted under an invalid ordinance will not, without more, justify equitable interference. *Jewel Tea Co.* v. *City of Cartersville*, 185 *Ga.* 799 (196 S. E. 712). Reference to the pleaded facts in the instant case shows that the primary reason why the plaintiffs seek injunctive relief is to restrain the defendants from prosecuting the plaintiffs under a pending charge, and from further prosecutions, for alleged violations of a municipal ordinance. Where, as in this case, the ordinance attempted to be enforced appears to be quasi-criminal in character, it must be presumed from the record that the plaintiffs are seeking to prevent the defendants from continuing prosecutions, and the court below had no authority to enjoin such enforcement. Where the allegations of the petition are insufficient to bring the case without the general rule that equity will not interfere with prosecutions by a municipality for alleged violations of a municipal ordinance quasi-criminal in character, such prosecutions will not be enjoined in equity. See *Starnes* v. *City of Atlanta*, supra; *Mayor &c. of Athens* v. *Co-Op Cab Co.*, 207 *Ga.* 505 (2) (62 S. E. 2d 906). Where, as in the present case, the ordinance involved, with reference to the means provided for its enforcement, is purely penal in nature, a court has no power, upon an application for injunction against its enforcement, to inquire into its validity, either upon constitutional or other grounds, and to enjoin the city from attempting to enforce it. "If the ordinance is invalid, by reason of its unconstitutionality, or for other cause, such invalidity would be a complete defense to any prosecution that might be instituted for its violation." *City of Bainbridge* v. *Reynolds*, 111 *Ga.* 758, 760 (36 S. E. 935). The plaintiffs have an adequate remedy at law, and the court did not err in sustaining this ground of demurrer.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED JUNE 14, 1954—DECIDED SEPTEMBER 13, 1954.

*Wilson & Wilson, Poole, Pearce & Hall, Fred W. Elarbee, Jr.,* for plaintiffs in error.

*J. H. Highsmith*, contra.

WYATT, P. J., dissenting. I cannot agree with the majority opinion. It is my view that this court is without jurisdiction in

the instant case. This case is expressly brought under the provisions of the Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., Ch. 110-11). This court has previously held that, in order for a declaratory-judgment case to fall within the jurisdiction of the Supreme Court, the case must be an equity case, or involve other questions over which the Constitution gives this court jurisdiction, and that injunctive relief sought in a law case to preserve the status quo will not give this court jurisdiction. *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d 658); *Ulmer* v. *State Highway Department of Georgia,* 210 *Ga.* 513 (81 S. E. 2d 514). It has also been held that an attack upon the constitutionality of a city ordinance is not such a constitutional question as will give this court jurisdiction. *Loomis* v. *City of Atlanta,* 206 *Ga.* 822 (58 S. E. 2d 813); *Moore* v. *City of Tifton,* 207 *Ga.* 443 (62 S. E. 2d 182). The real issue involved in this case is the validity of the city ordinance under attack, and that, of course, is strictly a law question.

The only provision in the Declaratory Judgments Act with reference to injunctive relief reads as follows: ". . . The Court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases." Code, (Ann. Supp.) § 110-1102. It follows, under the Declaratory Judgments Act in a law case such as the instant one, the only injunctive relief that can be granted is temporary to preserve the status pending the determination of the questions involved and a declaration of the rights of the parties. As previously stated, that sort of injunctive relief does not give this court jurisdiction.

The prayers in the instant petition read as follows: "That this court adjudicate and declare the rights of plaintiffs and defendants as to the validity or invalidity of said ordinance, and more particularly that this court declare said ordinance unconstitutional, null, and void. 2. Waiving discovery, plaintiffs pray that process issue requiring the defendants to answer this petition as required by law, that the court temporarily restrain defendants from enforcing said ordinance against plaintiffs and that defendants be temporarily restrained from interfering in any manner with plaintiffs in conducting their business and that a rule nisi

issue requiring the defendants to show cause why they should not be temporarily restrained from enforcing said ordinance against plaintiffs or interfering in any manner with plaintiffs in the conduct of their business and that the said defendants be permanently enjoined from enforcing said ordinance against plaintiffs, and that the defendants be permanently enjoined from interfering in any manner with the plaintiffs in the conduct of their business."

In *Findley* v. *City of Vidalia*, supra, the prayers of the petition were as follows: "(a) That this court declare the aforesaid contract between the defendant municipality and the defendant corporation null, void and ultra vires. (b) That the defendant municipality and the defendant corporation be restrained and enjoined from carrying out any of the provisions of said contract or performing any acts pursuant thereto until there is a final adjudication as to the validity or invalidity of said contract. (c) That the defendant municipality be restrained and enjoined from paying any money to the defendant corporation or doing any other things looking to the performance of said contract." It will be noted that the only real difference in the prayers in the instant petition and those in the *Findley* case, supra, is that in the instant case the words "permanently enjoined" are used, and that these identical words are not used in the *Findley* case. However, the prayers in the instant case and in the *Findley* case are to all intents and purposes the same. In the *Findley* case, supra, it was held by this court that no question was presented which would give the Supreme Court jurisdiction.

Simply to tack onto a purely law case a prayer for permanent injunction, a remedy not provided for under the terms of the Declaratory Judgments Act, is not sufficient to give this court jurisdiction. If that rule should be adopted, then the constitutional provisions relating to the jurisdiction of the Court of Appeals and the Supreme Court would be completely nullified. This is true for the reason, in that event, the jurisdiction of the Court of Appeals could be destroyed by the subterfuge of tacking on to any case a prayer for permanent injunction. It follows that the jurisdiction of this case is vested in the Court of Appeals and not in the Supreme Court.