## 19024. PEOPLES *v.* BASS.

HEAD, Justice. 1. In section 2 of the Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1102), it is declared in part: "The court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases." A temporary restraining order granted to maintain the status pending an adjudication of the question presented, under the foregoing section, does not make an action an equitable one within the meaning of our Constitution, art. VI, sec. II, par. IV (Code, Ann., § 2-3704). *Milwaukee Mechanics' Ins. Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d 876); *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d 658); *Georgia Casualty &c. Co.* v. *Turner,* 208 *Ga.* 782 (60 S. E. 2d 771).

2. The petition in the present case is based on one legal question, and if properly made, this question stands for determination under fixed rules of law. "Title to land," as referred to in the constitutional provision hereinabove referred to, is not involved. The case, therefore, is within the jurisdiction of the Court of Appeals, and not the Supreme Court. *Radcliffe* v. *Jones,* 174 *Ga.* 324 (162 S. E. 679); *Spence* v. *Miller,* 176 *Ga.* 96 (167 S. E. 188); *Lewis* v. *Fry,* 194 *Ga.* 842 (22 S. E. 2d 817); *Bond* v. *Ray,* 207 *Ga.* 559, 561 (63 S. E. 2d 399).

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JULY 12, 1955—DECIDED SEPTEMBER 12, 1955.

*Dan S. Beeland, Ernest C. Britton,* for plaintiff in error.
*Roy S. Levinson, Paul Blanchard,* contra.