19391.  VIDALIA PRODUCTION CREDIT ASSN. *v.* DURRENCE.

CANDLER, Justice.  This proceeding was brought under our declaratory-judgment statute.  It involves a controversy between the parties respecting priority in payment of certain security deeds given by Lewis R. McCumber, a judgment the defendant obtained against him, and other obligations he·is due the defendant.  The petition alleges that the defendant is foreclosing a security deed which he holds from McCumber, and intends to apply the proceeds derived from a sale of the land conveyed thereby to the payment of the claims he has against him, some of which are junior in date to the plaintiff's security deed.  It is also alleged that the court, in order to preserve and maintain the status of the parties' rights until the question of priority in the order of payment can be determined and adjudicated, should, pending such determination and adjudication, restrain the defendant from proceeding with his foreclosure sale, and there is a prayer for such relief.  Besides for a rule nisi and service, the only other prayer is for a judgment declaring that the plaintiff's security deed has priority in the order of payment over the defendant's judgment against McCumber and his other items of indebt-

edness against him, other than the security deed which the defendant holds. The petition was dismissed on general demurrer and the exception is to that judgment. It is stated in the bill of exceptions that the Supreme Court has jurisdiction of this case, since it is a suit for declaratory judgment and for equitable relief. *Held:*

It is well settled by the rulings in *Fellton* v. *Chandler,* 201 *Ga.* 347 (39 S. E. 2d 654), *Milwaukee Mechanics' Ins. Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d 876), and *Findley* v. *City of Vidalia,* 204 *Ga.* 279 (49 S. E. 2d 658), that the Court of Appeals and not this court has jurisdiction of the writ of error presently before us. In the first-cited case, it was held that a proceeding brought under our declaratory-judgment statute is not per se an equitable action, nor is it a proceeding involving an extraordinary remedy within the meaning of our Constitution of 1945. In the two other cited cases, it was pointed out and held that, under express provisions of our declaratory-judgment act, courts of law, in order to preserve and maintain the status of the parties respecting rights in controversy until they can be determined and adjudicated, may grant injunction and other interlocutory relief in substantially the manner and under the same rules as apply in equity cases; and in the *Milwaukee Mechanics' Ins. Co.* case, supra, it was further held that the purely incidental injunctive relief provided for by our declaratory-judgment statute, for the purpose only of preserving the status quo of an existing controversy until there can be a determination and declaration of the rights and liabilities of the parties in controversy, is not a provision for equitable relief as contemplated by the Constitution of 1945 in defining the jurisdiction of this court. Accordingly, this Court does not have jurisdiction of the writ of error, and it must be and is hereby

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JUNE 12, 1956—DECIDED JUNE 13, 1956.

*Alvin L. Layne, Jackson & Graham,* for plaintiff in error.
*J. Max Cheney, John P. Rabun,* contra.