19341.  UNITED STATES CASUALTY CO. *v.* GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *et al.*

19356.  GEORGIA SOUTHERN & FLORIDA RAILWAY CO. *v.* UNITED STATES CASUALTY CO. *et al.*

ARGUED MAY 15, 1956—DECIDED SEPTEMBER 7, 1956.

*S. F. Memory, Cubbedge Snow, Martin, Snow & Grant,* for plaintiff in error (case No. 19341).

*Bloch, Hall, Groover & Hawkins, Blalock & Blalock, R. D. Smith, Gibson & Maddox,* contra.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error (case No. 19356).

*Martin, Snow & Grant, Gibson & Maddox, R. D. Smith, J. D. Blalock, Memory, Barnes & Memory, Blalock & Blalock,* contra.

HEAD, Justice.  Where it may appear that jurisdiction of a writ of error is in doubt, it is the duty of the Supreme Court to determine the question of its jurisdiction. *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d 473). The jurisdiction of the Supreme Court is fixed by the Constitution, art. VI, sec. II, par. IV (Code, Ann., § 2-3704). Under the Constitution, jurisdiction not specifically conferred on the Supreme Court is vested in the Court of Appeals. *City of Trenton* v. *Dade County,* 201 *Ga.* 189 (39 S. E. 2d 473).

The main bill of exceptions recites that the present case "is an action in equity brought to avoid a multiplicity of suits" and in which the plaintiff in error was permanently enjoined. Whether an action "is one in equity, such as will give this court jurisdiction of a bill of exceptions from a judgment therein, is determinable by the allegations and prayers of the petition." *Berry* v. *Travelers Ins. Co.,* 190 *Ga.* 772 (10 S. E. 2d 753) ; *Moseley* v. *Alspaugh,* 192 *Ga.* 216 (14 S. E. 2d 737) ; *Jones* v. *Pierce,* 192 *Ga.* 217, 219 (14 S. E. 2d 739).

"An action brought under the Declaratory Judgments Act (Ga. L. 1945, p. 137) is not an equitable proceeding per se." *Felton* v. *Chandler*, 201 *Ga.* 347 (2) (39 S. E. 2d 654). The petition alleges: "Petitioner brings this action against the defendants (a) for a declaratory judgment under the provisions of Sections 1 (a) and 1 (b) of the Declaratory Judgment statute of Georgia; and (b) for injunctive relief."

Preceding the prayers that the defendants (the casualty company and Pafford) "be restrained and enjoined from asserting or prosecuting any claim against your petitioner," and the prayer that Mrs. McKinnon "be restrained and enjoined from prosecuting" her pending suit, the petition alleges: "Your petitioner apprehends that unless restrained and enjoined . . . the defendant casualty company will assert against it a claim for the amounts it has paid and will pay to the defendant Mrs. Pafford [Mrs. McKinnon?] by reason" of an award made by the State Board of Workmen's Compensation. "Your petitioner apprehends that unless restrained and enjoined . . . the defendant Pafford may assert against and seek to collect from your petitioner for damage done to his work, materials and equipment. . . Your petitioner apprehends that, unless restrained and enjoined . . . the defendant Mrs. McKinnon will proceed to prosecute the action" previously filed against the petitioner. It is then alleged that, unless the matters in controversy "are decided in this action, a multiplicity of suits will result."

The allegations of the petition in regard to the "apprehensions" of the petitioner that actions will be brought against it by the defendants are wholly insufficient to authorize injunctive relief under equitable principles. "Equity will not relieve against a bare apprehension where facts sufficient to justify the same are not alleged and proved." *Levine* v. *Perry*, 204 *Ga.* 323 (1) (49 S. E. 2d 820); *Nottingham* v. *Elliott*, 209 *Ga.* 481 (3) (74 S. E. 2d 93). An allegation to the effect that equitable relief is necessary to avoid a multiplicity of suits is merely a conclusion of the pleader. *Woolsey* v. *Mimms*, 209 *Ga.* 360 (72 S. E. 2d 706).

If, however, the petition otherwise states a cause of action for declaratory relief, the Declaratory Judgments Act provides for maintaining the status pending the declaration of rights. Section

2 of the Declaratory Judgments Act (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1102) provides in part: "The court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules as apply in equity cases." A restraining order pursuant to the above provision of the Declaratory Judgments Act does not convert the cause into an equitable action. "A prayer for a restraining order as provided for under the Declaratory Judgment Act, which is in effect only an application for a stay of proceedings until the rights in actual controversy can be declared and decreed, is not one for *equitable relief* within the meaning of our Constitution fixing the jurisdiction of this court." *Milwaukee Mechanics' Ins. Co.* v. *Davis*, 204 *Ga.* 67 (48 S. E. 2d 876); *Findley* v. *City of Vidalia*, 204 *Ga.* 279 (49 S. E. 2d 658); *Georgia Casualty &c. Co.* v. *Turner*, 208 *Ga.* 782 (60 S. E. 2d 771); *Ulmer* v. *State Highway Dept. of Ga.*, 210 *Ga.* 513 (81 S. E. 2d 514).

The conclusion of the pleader that equitable relief is necessary is insufficient to convert an action brought under the Declaratory Judgments Act into an equity case so as to confer jurisdiction of the writ of error on the Supreme Court; and the fact that the trial judge may have erroneously adjudicated that the present case was one in equity does not make it an equity case within the jurisdiction of the Supreme Court on review. *Gormley* v. *Slicer*, 178 *Ga.* 85 (172 S. E. 21); *Carter* v. *State of Georgia*, 211 *Ga.* 824, 826 (89 S. E. 2d 175).

The Court of Appeals, and not the Supreme Court, has jurisdiction of the writs of error in the present case.

*Transferred to the Court of Appeals. All the Justices concur.*