38287. PINKARD et al. v. MENDEL et al., Trustees.

DECIDED JUNE 6, 1960.

Troutman, Sams, Schroder & Lockerman, Allen E. Lockerman, Robert L. Pennington, for plaintiffs in error.

John L. Westmoreland, John L. Westmoreland, Jr., Harry P. Hall, Jr., contra.

CARLISLE, Judge. This is an action for a declaratory judgment in which the plaintiffs seek to have their rights adjudicated under a certain lease contract for a term of 99 years from October 15, 1909. The original petition contained a plea for an injunction and restraining order to restrain the defendants from commencing and prosecuting any dispossessory or other proceeding with respect to the occupancy of the leased premises. The original petition was sanctioned but no restraining order was issued. The defendants filed general demurrers to the petition which were overruled and that judgment is one of the rulings complained of in the bill of exceptions. Thereafter, pending the trial of the case, the defendants commenced a dispossessory proceeding to recover possession of the premises in question and the plaintiff filed a motion in this case for a temporary injunction to restrain and enjoin that proceeding. The trial court granted the temporary injunction and that judgment

is assigned as error. The case proceeded to trial before a jury and the jury found for the plaintiff. Judgment was entered thereon and the final judgment is assigned as error as being contrary to law because it was affected by the prior rulings of the court complained of in the bill of exceptions. Upon the argument of this case before this court, a question arose as to the jurisdiction of this court to decide the appeal since one of the assignments of error was on the granting of a temporary injunction. Counsel for the parties were invited to submit briefs on this question which they have done. Counsel for both sides in their briefs thus submitted contend that the jurisdiction of this case is in this court and support their contentions with the citation of seven cases decided by the Supreme Court in which it was held that the jurisdiction of a declaratory judgment action wherein an injunction was involved solely for the purpose of maintaining the status quo between the parties until the disposition of the question sought to be adjudicated therein is in the Court of Appeals. We have studied and analyzed these cases but have come to the conclusion that this case is distinguishable on its facts from the cases previously decided by the Supreme Court.

In *Milwaukee Mechanics Ins. Co.* v. *Davis*, 204 *Ga.* 67, 70 (48 S. E. 2d 876), it does not appear from the opinion of the Supreme Court that there was an exception to the denial of an injunction. In that case, the Supreme Court apparently gave great weight to the fact that the injunction feature was against only nominal parties, and that no permanent injunctive relief was sought against the said nominal parties. In the instant case, while the only exception is to the granting of a temporary injunction, the record shows that as a part of the final judgment a permanent injunction was granted restraining the defendants from prosecuting the dispossessory-warrant proceeding.

In *Ulmer* v. *State Highway Dept.*, 210 *Ga.* 513 (81 S. E. 2d 514), transferred to this court and decided in 90 *Ga. App.* 833 (84 S. E. 2d 583), the exception was merely to the sustaining of the general demurrer to the petition for declaratory judgment, and this court held that no cause of action for a declaratory judgment was shown where the parties could have their rights

adjudicated in a case which was already pending at the time the declaratory judgment action was commenced. Of course, where the trial court had sustained a general demurrer, it never got to the point of either granting or denying an injunction or restraining order and there was no question before either of the appellate courts as to the right to have an injunction or restraining order in that case if it had otherwise been one for a declaratory judgment. This case is distinguishable from the instant case where there is a direct exception to the grant of a temporary injunction.

In *Finley* v. *City of Vidalia*, 204 *Ga*. 279 (49 S. E. 2d 658), it was clearly stated at the bottom of page 281, "A temporary restraining order was granted pending a hearing. At the hearing the trial court sustained general demurrers to the petition. No application was made for a supersedeas and none was granted. It is unnecessary for this court to determine whether the only equitable feature of the case (injunction) was eliminated from it by the failure to make application for a supersedeas, in which event the record should be transferred to the Court of Appeals under the rule that, where the equitable features of litigation are eliminated and only questions of law remain, jurisdiction is vested in that court." This statement clearly distinguishes that case from the instant case.

In *U. S. Casualty Co.* v. *Georgia Southern &c. Ry. Co.*, 212 *Ga*. 569, 570 (94 S. E. 2d 422), it appeared that the allegations of the petition merely made out a case of bare apprehension of injury which was sought to be restrained and enjoined, and the Supreme Court there held that bare apprehension of injury where the facts sufficient to justify the same are not alleged and proved is not sufficient to make the case one of equitable jurisdiction. In the case now under consideration, the matter sought to be enjoined was not merely apprehended, but was actually proceeding. It is true that in the *U. S. Casualty* case the court, after citing the provisions of the declaratory judgment act authorizing the granting of the restraining order to maintain the status quo pending the adjudication of the questions sought to be adjudicated in the declaratory judgment action, said that a restraining order pursuant to that provision

was not sufficient to convert such an action into an equitable one. However, insofar as that statement there made is to be considered as controlling in the instant case it appears to have been merely obiter dictum since there does not appear to have been any assignment of error on the judgment granting an injunction in that case.

In *Peoples* v. *Bass,* 211 *Ga.* 802 (89 S. E. 2d 171), a temporary restraining order was entered pending the hearing of the cause, but the general demurrers to the petition were later sustained and the petition was dismissed, the exception before the court being merely to that judgment. This case is like the *Finley* case cited above in that the final judgment eliminated any equitable questions.

In *Bivings* v. *City of Atlanta,* 212 *Ga.* 654 (94 S. E. 2d 735), the judgment excepted to was one sustaining the general demurrer to the petition and the court merely held that the petition for a declaratory judgment was not converted into an equitable case by virtue of a prayer for an injunction to maintain the status of the parties until the legal questions presented therein may be settled. Again in that case there was no necessity for adjudicating in the appellate court any question as to whether the grant or the refusal of an injunction was proper.

In *Shippen* v. *Folsom,* 200 *Ga.* 58 (35 S. E. 2d 915), while the action was originally an equitable one, it appeared that the plaintiff converted the case into a declaratory judgment action after the passage of the declaratory judgment act, and thus eliminated all of the equitable features of the case except injunction. The Supreme Court retained jurisdiction without passing expressly upon any jurisdictional question. It is not apparent that the Supreme Court retained the case for any other reason save than that injunction was involved, an injunction having been granted and there being an exception to that part of the judgment of the trial court as well as to the other parts of the judgment. There is no material distinction in that case and in this case, it being like the instant case, a suit to have declared the rights of the parties under a lease contract and the injunction having been granted to restrain the defendant

from "giving any notice or cancellation of the lease." Counsel for the plaintiff in error argue in this connection in their supplemental brief that, while a decision of this court holding that the trial court erred in overruling the general demurrers would render all that followed thereafter, including the granting of the injunction, error, it does not follow that, if the general demurrer was properly overruled, there was no error in enjoining the prosecution of the dispossessory warrant thus depriving the defendants of a substantial right. In view of the position thus taken by the plaintiff in error, it is necessary for the appellate court to decide, independently of the declaratory judgment features of the case, whether the case was one warranting the use of extraordinary equitable remedy of injunction. Such being the facts, the Supreme Court and not this court has jurisdiction.

*Transferred to the Supreme Court. Gardner, P. J., Townsend and Frankum, JJ., concur.*