### 21790. REID et al. v. STANDARD OIL COMPANY OF KENTUCKY et al.

MOBLEY, Justice. The trial court sustained defendants' general demurrers to plaintiffs' petition seeking a declaratory judgment. Plaintiffs filed their bill of exceptions in this court on the grounds that the case is one in equity and one respecting title to land.

Where the jurisdiction of a writ of error is in doubt, it is the duty of this court, with or without motion of a party, to determine the question of its jurisdiction. *Dade County v. State of Ga.*, 201 Ga. 241 (1) (39 SE2d 473); *Milwaukee Mechanics' Ins. Co. v. Davis*, 204 Ga. 67, 69 (48 SE2d 876); *United States Cas. Co. v. Georgia S. & F. R. Co.*, 212 Ga. 569 (94 SE2d 422).

Cases respecting title to land within the meaning of the provision of the Constitution defining the jurisdiction of this court are actions at law such as ejectment or its statutory substitutes in which actions the plaintiff asserts a presently enforceable legal title against the possession of the defendant for the purpose of recovering the land. *Kidd v. Mayor &c. of Milledgeville*, 213 Ga. 524 (100 SE2d 178); *Bond v. Ray*, 207 Ga. 559, 561 (63 SE2d 399). The present action is not in ejectment or any statutory substitute therefor but is one seeking a declaration that the use of certain lands is restricted to residential or church purposes and seeking to restrain defendants from all other uses pending final determination of the cause.

The prayer for an injunction to maintain the status quo among the parties pending an adjudication of the issues, as provided

for under the Declaratory Judgment Act (*Code Ann.* § 110-1102 (b) ), is not one for equitable relief. *Phoenix Assurance Co. v. Glens Falls Ins. Co.*, 215 Ga. 650 (112 SE2d 588), and cases cited therein. Since all of the substantial relief sought by plaintiff by way of declaratory judgment may be obtained in a court of law, jurisdiction of the cause on appeal is vested in the Court of Appeals and not in the Supreme Court. *Findley v. City of Vidalia*, 204 Ga. 279 (49 SE2d 658).

*Transferred to the Court of Appeals. All the Justices concur.*
ARGUED SEPTEMBER 11, 1962—DECIDED SEPTEMBER 18, 1962.

*James Barrow,* for plaintiffs in error.
*Eugene A. Epting,* contra.