22504.   TODD v. CONNER et al.

ARGUED JUNE 8, 1964—DECIDED JULY 10, 1964.

*McDonald & Mills, J. C. McDonald,* for plaintiff in error.
*Marshall Ewing, M. L. Preston,* contra.

H<small>EAD</small>, Presiding Justice. ■ It is the duty of this court to consider its jurisdiction in all cases. *Dade County v. State of Georgia,* 201 Ga. 241 (39 SE2d 473). A petition seeking a declaratory judgment is not per se an equitable action (*Felton v. Chandler,* 201 Ga. 347, 39 SE2d 654), and such petition is not converted into an equitable action merely because the court may grant a temporary restraining order to "maintain the status" pending an adjudication with "respect to rights, status and other legal relations." Ga. L. 1945, pp. 137, 139, as amended, (*Code Ann. Supp.* §§ 110-1102, 110-1111). *Georgia Cas. &c. Co. v. Turner,* 208 Ga. 782 (69 SE2d 771); *Ulmer v. State Highway Dept.,* 210 Ga. 513 (81 SE2d 514); *U. S. Casualty Co. v. Ga. Southern & Florida R. Co.,* 212 Ga. 569 (94 SE2d 422).

This court is not bound by the name or characterization given an action by the petitioner. In the present case the petitioners

seek by judgment of the superior court to have terminated and set at rest the contentions of the defendant that a deed to secure debt executed to him by one of the petitioners has not been properly canceled and that the entry of cancellation is a forgery. The allegations of the petition, and the prayers for a judgment declaring that the deed to secure debt "has been properly canceled of record" and that title to the land under the deed to secure debt from Fellows to Todd "is in no way affected by said note and deed to secure debt," were sufficient to invoke the equitable jurisdiction of the court. On review the case is one in equity within the jurisdiction of this court under the Constitution, Art. VI, Sec. II, Par. IV (*Code Ann.* § 2-3704).

■ The order of cancellation on the deed to secure debt from Tom T. Fellows to W. C. Todd, quoted in the petition as amended, is dated May 15, 1956. It is alleged that the deed to secure debt was recorded on May 18, 1956, and that the order of cancellation was signed on or about February 26, 1957, and entered on the records on that date. Obviously there is some error in these dates, whether the entry of cancellation is valid or invalid, since no entry of cancellation could be entered on the deed records three days before the deed was recorded.

From the petition it is not clear whether or not the cancellation as made and entered upon the deed records conforms in all particulars to the statutory requirements. As between the grantor Fellows and the defendant Todd, however, the first question is, has the note been paid? The petition alleges unequivocally that it has been paid. "[F]ull payment of the secured debt revests in the grantor the title to the property therein conveyed; . . ." *Citizens Mercantile Co. v. Easom,* 158 Ga. 604, 610 (123 SE 883, 37 ALR 378).

If the defendant Todd released and canceled the deed to secure debt for a valuable consideration, leaving the note executed in connection with the deed to secure debt from Fellows to Todd unpaid, Fellows would have a perfect equity in the property described in the deed to secure debt given by him to Todd. A perfect equity is a good title even at law and is sufficient to support or defeat ejectment. *Pitts v. McWhorter,* 3 Ga. 5 (46 AD 405); *Peterson v. Orr,* 12 Ga. 464 (58 AD 484); *May v. Sorrell,* 153

Ga. 47, 52 (111 SE 810); *Elrod v. Bagley*, 154 Ga. 670 (115 SE 3).

As to the present alleged owners of the land, and other petitioners named as warrantors of the title thereto, if the entry of cancellation is a substantial compliance with the law, they would be in the position of bona fide purchasers for value without notice of an equity. It is the rule that a bona fide purchaser for value without notice of an equity will be protected. *Code* § 37-111; *Gleaton v. Wright*, 149 Ga. 220 (100 SE 72). The fact that the petitioners' rights might ultimately be determined in subsequent litigation does not mean that they are not entitled to the relief prayed, that a final judgment of cancellation of the deed to secure debt be entered, since such final judgment of cancellation appears from the allegations of the petition to be necessary for their full and complete protection. *Code* §§ 37-1407, 37-1408.

Generally where all parties at interest are parties to the cause, and in which cause the rights of all parties might properly be finally adjudicated, jurisdiction in equity is not ousted because there may be pending an action at law in another court. Equity may restrain proceedings in another or the same court. *Code* § 55-101. "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." *Code* § 37-105. Why have two or more litigated cases in separate superior courts when a trial in the Superior Court of Coffee County might end the entire controversy between the litigants, "especially where the demands of each grow out of the same transaction?" *Kirkpatrick v. Holland*, 148 Ga. 708, 710 (98 SE 265). See *Scott v. Scott*, 33 Ga. 102; *National Bank of Athens v. Carlton*, 96 Ga. 469 (23 SE 388).

The rule that courts generally will not entertain an action for declaratory judgment as to questions which may be determined in a pending action (*Shippen v. Folsom*, 200 Ga. 58 (7), 35 SE2d 915; *Darnell v. Tate*, 206 Ga. 576, 586, 58 SE2d 160; *Staub v. Mayor &c. of Baxley*, 211 Ga. 1, 83 SE2d 606) is not applicable in the present cause where the petitioners are seeking equitable

relief. Counsel for the defendant insist that the pending action in Troup County should be allowed to proceed, and that the results of the action in Troup County would determine the validity of the entry of cancellation of the deed to secure debt from Fellows to Todd. This is not necessarily true. In the action on the note by Todd against Fellows in Troup County, Fellows might avail himself of a defense that would defeat a recovery by Todd, but which would not be a final determination of the equitable rights of all parties in the present litigation. *National Bank of Athens v. Carlton,* 96 Ga. 469, supra. The present alleged owners of the land and their warrantors of title can not, of course, have their rights finally determined in an action in which they are not parties. *Hodges v. Stuart Lumber Co.,* 140 Ga. 569 (79 SE 462) ; *Land Development Corp. v. Union Trust Co. of Md.,* 180 Ga. 785, 790 (180 SE 836).

Assuming that Todd may have obtained jurisdiction of Fellows in his suit on the note in Troup County, cancellation of the entry of cancellation of the deed to secure debt could not be entered in a suit at law on the note which the deed secures, and this could not be done in the absence of the warrantors and the present alleged owners of the land as parties thereto. In *Malone v. Kelly,* 101 Ga. 194, 200 (28 SE 689), it was held: "The court could not undertake to cancel a written instrument conveying title to property, without having before it all the parties to be affected by the proposed cancellation." In *Pope v. U. S. Fidelity &c. Co.,* 193 Ga. 769, 779 (20 SE2d 13), it was held: "A person without any interest in the subject-matter of an equity suit, and who can not be affected by the decree rendered therein, is neither a necessary nor proper party. *Beall v. Blake,* 16 Ga. 119 (4) ; *Westfall v. Scott,* 20 Ga. 233; *Lang v. Brown,* 29 Ga. 628. But all persons directly interested in the result and who will be affected by the decree are necessary parties. *Henderson v. Napier,* 107 Ga. 342 (33 SE 433) ; *Warren County Fertilizer Co. v. Reese,* 156 Ga. 824 (2) (120 SE 534.)" See also *Blaisdell v. Bohr,* 68 Ga. 56; *Huey v. National Bank of Fitzgerald,* 177 Ga. 64, 68 (169 SE 491) ; *Benton v. Turk,* 188 Ga. 710, 730 (4 SE2d 580). Under the authorities cited, the warrantors and present alleged owners of the land can not have their rights determined

in a case where they have not been named parties, have not been served with process, and who are not before the court in any manner, and they are essential parties in any action to cancel the entry of cancellation which Todd asserts is fraudulent.

The petitioners can not procure the relief they seek by intervention in the pending action in Troup County. "The general rule at common law is that persons who are not parties to a suit cannot file an intervention therein." *Potts v. Wilson,* 158 Ga. 316 (2) (123 SE 294); *Sampson v. Vann,* 203 Ga. 612 (48 SE2d 293). There are some exceptions to the general rule. In all instances, however, the intervenor takes the case as he finds it, and the alleged owners of the land in the present action could not by intervention convert the action at law in Troup County for a judgment on the note into an equitable action for a judgment of cancellation of the deed to secure debt. *Smith v. Manning,* 155 Ga. 209 (116 SE 813); *Graves v. Decatur,* 167 Ga. 690 (146 SE 635); *Merritt v. Georgia Chemical Works,* 170 Ga. 153 (152 SE 246); *Manning v. Wills,* 193 Ga. 82 (17 SE2d 261). It is the rule in this State that a party may not intervene where he has a remedy which may be asserted in a proper proceeding. *Delaney v. Sheehan,* 138 Ga. 510, 515 (75 SE 632); *Tanner v. American Nat. Bank of Macon,* 145 Ga. 512, 513 (89 SE 515); *Arnold v. West Lumber Co.,* 198 Ga. 207, 212 (31 SE2d 410).

The petitioners alleging themselves to be owners of the lands described had the right to seek relief in equity in the county of Todd's residence, and their right to seek such relief should not be denied solely because Fellows is joined as a party plaintiff at a time when Fellows is named as a defendant in an action at law in another court, the jurisdiction of which court Fellows denies.

*Judgment affirmed. All the Justices concur.*