## 51384. JAHNCKE SERVICE, INC. et al. v. DEPARTMENT OF TRANSPORTATION.

CLARK, Judge.

The question presented for decision in this declaratory judgment action which had been commenced in the Fulton County Superior Court by the Department of Transportation as plaintiff against Jahncke Service, Inc. and T. L. James & Company, Inc., a joint venture, is whether the Fulton court erred in granting an injunction restraining defendants from prosecuting a subsequently filed case which the joint venture defendants as plaintiffs had instituted in Camden County against the department as defendant.

Upon receiving a written claim from Jahncke Service, Inc. and T. L. James & Company, Inc. under a contract for road construction by the joint venture in Camden County, the department instituted a declaratory judgment in Fulton Superior Court to determine the validity of the claim. The claim sought recovery for additional expenses incurred as a result of unforeseen conditions encountered during the building of the road.

Replying to the department's petition for declaratory relief, defendants answered and also counterclaimed whereby they sought recovery of the additional construction expenses stated in the claim. Thereafter defendants sought to recover these same expenses by suing the department in another forum, namely Camden County Superior Court.

After an interlocutory appeal in which this court determined that the department's action was a proper one for declaratory judgment (*Jahncke Service, Inc. v. Dept. of Transportation,* 134 Ga. App. 106 (213 SE2d 150)), the

department applied for an injunction to restrain defendants from prosecuting the Camden County action. The injunction was granted and defendants appeal.

1. "A prayer for a restraining order as provided for under the Declaratory Judgment Act, which is in effect only an application for a stay of proceedings until the rights in actual controversy can be declared and decreed, is not one for *equitable relief. . ." Milwaukee Mechanics' Ins. Co. v. Davis,* 204 Ga. 67 (48 SE2d 876); *Findley v. City of Vidalia,* 204 Ga. 279 (49 SE2d 658). Accordingly, jurisdiction of the appeal lies in this court.

2. Section 2 of the Declaratory Judgment Act (Code Ann. § 110-1102) provides, in part: "The court, in order to maintain the status pending the adjudication of the questions or to preserve equitable rights, may grant injunction and other interlocutory extraordinary relief, in substantially the manner and under the same rules applicable in equity cases." The trial court properly enjoined defendants from prosecuting their claim in Camden County "in order to maintain the status pending the adjudication of the questions" presented below.

In the previous appeal, this court recognized that with regard to defendants' claim, the department had three alternatives: to pay the claim, deny it, or be undecided about it. The department's third alternative was properly pursued under the Declaratory Judgment Act which "permits a person to seek direction from the courts without having to make a decision which 'without such direction might reasonably jeopardize his interest.'" *Jahncke Service, Inc. v. Dept. of Transportation,* supra, p. 108.

If defendants were permitted to prosecute the Camden County action, the department would be forced to assume a definitive position prior to a judicial declaration of its rights. Thus, it would be required to commit itself and the department's "undecided" status would be altered, and the declaratory judgment action would be rendered moot.

We recognize that "A stay is not to be granted as a matter of course, nor as a mere incident to an action for declaratory judgment." Anderson, Actions for Declaratory Judgments § 220 (Supp. 1972). But where, as

here, the status of a litigant is placed in jeopardy by a pending action, an injunction is authorized. Our ruling enables the parties to dispose of all controversies in a single action.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1975 — DECIDED JANUARY 5, 1976.

*Stone, Pigman, Walther, Wittmann & Hutchinson, Ewell P. Walther, Jr., Anthony M. DiLeo, Smith, Currie & Hancock, Luther P. House, Jr., Aubrey L. Coleman, Jr.,* for appellants.

*William B. Brown, Arthur K. Bolton, Attorney General, Robert S. Stubbs, II, Executive Assistant Attorney General, Richard L. Chambers, Assistant Attorney General,* for appellee.