LOFTIS *v.* SECURITY MORTGAGE COMPANY *et al.*

GILBERT, Justice. 1. The legal effect of the judgment dismissing the petition as to the Security Mortgage Company and Long Realty Company was to leave pending the suit against the third defendant, Lillian T. Jones.

2. A court of equity will not assume jurisdiction of a suit merely to cancel promissory notes on the ground that they have been paid or otherwise satisfied. Therefore in this case equity would not entertain jurisdiction merely to cancel the notes as prayed for. *Simpson* v. *McMillan,* 150 *Ga.* 119 (102 S. E. 825). Neither *Camp Lumber Co.* v. *Citizens Bank of Valdosta,* 142 *Ga.* 84 (82 S. E. 492), nor *Robinson* v. *Pearce,* 145 *Ga.* 403 (89 S. E. 364), conflicts with this ruling. In the *Camp Lumber Co.* case there were allegations and prayers seeking to cancel a security deed. In the *Robinson* case there were allegations and prayers seeking to recover damages. In both cases the prayers for cancellation of the notes were merely incidental. The petitions were held good against a general demurrer, irrespective of the prayers to cancel the notes.

3. The allegations of the petition were insufficient to set out a cause of action for an injunction to prevent a transfer of the title to the real property, the petitioner asserting no title, and failing to allege whether he held a contractual lien or not.

4. The petition does not allege insolvency of the Security Mortgage Company or Long Realty Company. Neither does it allege any other facts which would authorize a court of equity to entertain jurisdiction. The court did not err in sustaining the general demurrer to that portion of the petition which sought relief against those two defendants.

*Judgment affirmed. All the Justices concur.*

No. 10585. MARCH 15, 1935.

*Noah J. Stone, John L. Cone,* and *John F. Echols,* for plaintiff.
*D. F. McClatchey Jr., W. B. Cody, Harold Hirsch, Marion Smith Waller A. Sims,* and *Joseph E. Berman,* for defendants.