CITY OF SUMMERVILLE *v.* GEORGIA POWER COMPANY.

CANDLER, Justice. . The exception here is to a judgment sustaining a general demurrer to a petition seeking declaratory relief. The petition alleges that on June 13, 1924, the City Council of Summerville purportedly, but illegally, granted to Georgia Railway & Power Company, defendant's .predecessor, permission to occupy and use the streets and public places of the City of Summerville for the purpose of erecting and maintaining an electric distribution system therein. The claimed franchise was from the beginning, and is now, illegal·and void because the council granted it without first complying with those charter requirements providing that no such permission could be legally granted until notice of an application therefor had been posted at the county courthouse door for ten days and published in the official county gazette once a week for two weeks. The prayers were for process, rule nisi fixing

time and place for hearing, judgment declaring the claimed franchise "null and void and of no legal effect from the beginning," and for general relief. *Held:*

1. "It is always the duty of this court, with or without motion, to consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Dade County* v. *State of Georgia,* 201 *Ga.* 241 (39 S. E. 2d, 473).

2. The jurisdiction of this court is fixed by article 6, section 2, paragraph 4 (Code, Ann. Supp., § 2-3704) of the Constitution of 1945, and all appellate jurisdiction not specifically given to this court is by article 6, section 2, paragraph 8 (Code, Ann. Supp., § 2-3708) of the same Constitution conferred upon the Court of Appeals.

3. When this case was orally argued, we requested counsel for the parties to submit briefs on the question of our jurisdiction of the writ of error. In the brief filed for plaintiff in error, it is insisted that the present case is one in equity and for that reason jurisdiction is in this court. The brief for defendant in error concedes that the Court of Appeals has jurisdiction of the cause. Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief prayed, and not by the designation given to the action by the pleader. *Steed* v. *Savage,* 115 *Ga.* 97 (41 S. E. 272); *Fowler* v. *Davis,* 120 *Ga.* 442 (47 S. E. 951); *Griffin* v. *Collins,* 122 *Ga.* 102, 110 (49 S. E. 827); *Taylor Lumber Co.* v. *Clark Lumber Co.,* 159 *Ga.* 393 (125 S. E. 844); *Burgess* v. *Ohio National Life Ins. Co.,* 177 *Ga.* 48 (169 S. E. 364); *Griffin* v. *Securities Investment Co.,* 181 *Ga.* 455 (182 S. E. 594). We have previously held that an action brought under our declaratory judgment statute (Ga. L. 1945, p. 137) is not per se an equitable proceeding; nor one involving an extraordinary remedy within the meaning of that provision of the Constitution defining the jurisdiction of this court. *Felton* v. *Chandler,* 201 *Ga.* 347 (39 S. E. 2d, 654); *Milwaukee Mechanics Insurance Co.* v. *Davis,* 204 *Ga.* 67 (48 S. E. 2d, 876). To make a case in equity, the allegations of the petition must be applicable to the equitable relief prayed, and there must be a prayer either for the specific relief sought or for general relief. *Copeland* v. *Cheney,* 116 *Ga.* 685 (43 S. E. 59). In the present case, there is no prayer for any specific equitable relief, and the allegations of the petition are not such as would authorize the grant of any under the prayer for general relief. Whether or not the defendant's claimed franchise is for the reason alleged null and void and of no legal effect from the beginning, is a question which should be determined in an action at law, and we construe the present action to be such a proceeding. This being true, the Supreme Court has no jurisdiction of the writ of error, and the case must be

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16312. SEPTEMBER 14, 1948.

*Jesse M. Sellers* and *T. J. Espy Jr.*, for plaintiff.

*MacDougald, Troutman, Sams & Branch, Barry Wright, Wright, Rogers, Magruder & Hoyt*, and *Dudley Cook*, for defendant.