### CITY OF SUMMERVILLE *v.* GEORGIA POWER COMPANY.

ATKINSON, Presiding Justice. In *City of Summerville* v. *Georgia Power Co.,* 204 *Ga.* 276 (49 S. E. 2d, 661), this court transferred to the Court of Appeals, because of lack of jurisdiction here, a writ of error to review a judgment in a proceeding by which the City of Summerville sought to have declared void a franchise, which it was alleged had been illegally granted to Georgia Power Company to occupy and use the streets and public places of the city in connection with an electric distribution system. While the case was pending in the Court of Appeals, the city brought an action in Fulton Superior Court against the same defendant, in which, after quoting the substance of the allegations of the former petition, it was asserted that the defendant was a continuing trespasser upon its streets, for which it sought damages in a named amount, and prayed that the defendant be temporarily restrained from collecting power and light bills or from disrupting electric service to the city pending adjudication of the matters complained of in the petition, and that upon a final hearing the defendant be permanently enjoined from trespassing upon the city's streets and public places, and for general relief. On the interlocutory hearing, the court rendered judgment dissolving an ex parte restraining order and denying the injunction as sought. The city excepted to the judgment, insisting that under the allegations of the petition, which was offered and allowed in evidence, and to which no defensive pleadings were filed or evidence offered, the defendant is a continuing trespasser, and it was an abuse of the court's discretion to refuse the temporary injunction prayed for in the petition. *Held:*

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code, § 55-108. While it was alleged that the defendant was a trespasser, no restraining order was sought in this respect, the prayer being only that the defendant be enjoined from trespassing upon the city's streets, after a final trial of the issues, and that in the meantime the defendant be enjoined from collecting power and light bills or from disrupting electric service to the city. There being no allegations of insolvency of the defendant, or of irreparable injury to the petitioner, the discretion of the court in denying the injunction will not be disturbed.

*Judgment affirmed. All the Justices concur.*

No. 16469. FEBRUARY 17, 1949. REHEARING DENIED MARCH 16, 1949.

*Jesse M. Sellers* and *T. J. Espy Jr.*, for plaintiff.

*Gilmer MacDougald, MacDougald, Troutman, Sams & Branch, Barry Wright,* and *Wright, Rogers, Magruder & Hoyt,* for defendant.