### 22352. MOCK v. DARBY.

MOBLEY, Justice. The controversy here is over whether under the terms of a promissory note given for the purchase price of real property, secured by a deed to secure debt, payable in 120 monthly installments including interest, and with no provision authorizing payments in advance with interest to the date of payment only, the maker of the note is authorized by reason of destruction of the house upon the property, which was insured according to terms of the deed to secure debt, to pay the note off in advance of the due date with interest only to the date of payment. The prayers of the petition are for declaratory judgment adjudicating the rights and duties of the parties, that a designated sum be paid into the court for the benefit of the defendant, "that the promissory note and deed to secure debt held by the defendant be satisfied and returned to plaintiff," that the defendant not be permitted to charge interest beyond a named date, for process, and for other and further relief. *Held:*

1. Whether an action is one at law or in equity is determined by the allegations of the petition and the nature of the relief sought. *City. of Summerville v. Ga. Power Co.*, 204 Ga. 276 (3) (49 SE2d 661) and cases cited. An action for declaratory judgment is not per se an equitable proceeding, nor one involving an extraordinary remedy within the meaning of that provision of the Constitution defining the jurisdiction of this court. *Felton v. Chandler*, 201 Ga. 347 (2) (39 SE2d 654); *City of Summerville v. Ga. Power Co.*, supra. "A court of equity will not assume jurisdiction of a suit merely to can-

cel promissory notes on the ground that they have been paid or otherwise satisfied." *Loftis v. Security Mortgage Co.*, 180 Ga. 480 (2) (179 SE 108). In the present case, the petition does not pray for an equitable decree of cancellation of the note and deed to secure debt or for any other equitable relief, and the allegations of the petition are not such as would authorize the grant of any under the prayer of general relief. There is one question of law involved, to wit: Does the maker of the note and deed to secure debt have the right to pay off the note in advance of the due dates of payment by paying the balance of the principal due with interest only to the date of payment, where there is no provision in the note or deed to secure debt authorizing such? The answer to this question of law will decide the case.

The Court of Appeals and not this court has jurisdiction of the writ of error.

*Transferred to the Court of Appeals. All the Justices concur.*

SUBMITTED JANUARY 15, 1964—DECIDED JANUARY 22, 1964.

*Neville & Neville*, for plaintiff in error.
*Allen & Edenfield*, contra.