## 23225. STATE HIGHWAY DEPARTMENT v. HEWITT CONTRACTING COMPANY.

ARGUED DECEMBER 14, 1965—DECIDED JANUARY 6, 1966.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Ferdinand Buckley, John D. Jones, C. Richard McQueen, B. Hugh Burgess,* contra.

QUILLIAN, Justice. 1. All formal prayers contained in the petition are for the recovery of money judgments and no allusion is made in any of these prayers to any form of equitable relief. However, as recited in the foregoing statement of facts in the fifth count of the petition there is an allegation: "a mutual mistake of fact existed with reference to said contract and accordingly prays that said contract be rescinded. . ." Treating this allegation as a prayer for rescission of the contract between the parties, we consider the averments of the petition to decide whether the case made by the petition is an equitable action and whether review of the same is within this court's jurisdiction.

At this point it is observed that the Constitution vests in this court the power to review equity cases and this jurisdictional power extends to "bad equity cases." By "bad equity cases" is meant those cases where the pleadings of the party who invokes the aid of equity, while for some reason not sufficient to set forth a cause in equity, allege facts and contain prayers raising a substantial question as to whether the pleader is entitled to relief in equity. The phrase "bad equity cases" obviously does not extend to cases where the pleadings show no semblance of an equitable action and affirmatively reveal the only relief is such as can be obtained in a court of law. "To make a case one for equity jurisdiction it must contain allegations and prayers for equitable relief. *Decatur County v. Praytor, Howton & Wood Contr. Co.,* 36 Ga. App. 611 (137 SE 918); *City of Summerville v. Georgia Power Co.,* 204 Ga. 276, 277 (3) (49 SE2d 661); *Odom v. Atlanta & West Point R. Co.,* 204 Ga.

328 (1) (49 SE2d 821); *U. S. Cas. Co. v. Georgia Sou. R. Co.*, 212 Ga. 569 (94 SE2d 422); *Hollinshed v. Shadrick*, 212 Ga. 624 (94 SE2d 705)." *Hudon v. North Atlanta*, 219 Ga. 179 (132 SE2d 74).

2. Count 5 of the petition discloses that after discovering the existence of the mistakes in the specifications of the project and with full knowledge of their consequences, the plaintiff did not renounce the contract, but on the contrary continued for a year or two to perform the contract, until completion. This court held in *Gibson v. Alford*, 161 Ga. 672, 685 (132 SE 442): "It is a well settled rule that a party who is entitled to rescind a contract on account of fraud or false representation, when he has full knowledge of all the material circumstances of the case, if he freely and advisedly does anything which amounts to the recognition of the transaction, or acts in a manner inconsistent with its repudiation, it amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable even in equity. . . If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon the discovery of the facts, at once announce his purpose and adhere to it." *Hunt v. Hardwick*, 68 Ga. 100; *Smith v. Estey Organ Co.*, 100 Ga. 628 (28 SE 392).

3. Rescission is granted in equity solely to prevent the contract, when executed, from containing terms and provisions materially different from those actually agreed upon by the contracting parties, in consequence of which one party would gain an unconscionable advantage. "A court of equity will not decree the cancellation of a paper when so doing is in no way essential to the protection of the party seeking such relief." *Hairalson v. Carson*, 111 Ga. 57 (1) (36 SE 319).

In the present case no need to rescind the contract exists in order for the plaintiff to recover, if entitled to recover, the value of the additional work allegedly caused by the mistake found in the specifications of the project. This is true because the recovery could be had on quantum meruit for the value of the work which was not included in the contract price to be paid for construction of the project and which was nevertheless when completed accepted by the Highway Department. In the case

of *State Hwy. Dept. v. Wright Contracting Co.*, 107 Ga. App. 758 (131 SE2d 808), the Court of Appeals construed the same contract under identical circumstances as in the present case. It was there held the work was not within the contract and since the parties had failed to agree upon the price to be paid for the work, recovery could be had independently of the contract on quantum meruit.

*Remanded to the Court of Appeals. All the Justices concur, except Cook, J., disqualified.*