42454.   NORBO TRADING CORPORATION v. WOHLMUTH.

FELTON, Chief Judge.   Although a petition seeking a declaratory judgment is not *per se* an equitable action (*Felton v. Chandler,* 201 Ga. 347 (39 SE2d 654); *Todd v. Conner,* 220

Ga. 173, 175 (137 SE2d 614), it confers equity jurisdiction when it contains both sufficient allegations and prayers for equitable relief. *State Hwy. Dept. v. Hewitt Contr. Co.,* 221 Ga. 621, 623 (146 SE2d 632), and cases cited. The prayer for a *temporary* injunction to maintain the status quo among the parties *pending an adjudication of the issues,* as provided for under the Declaratory Judgments Act (*Code Ann.* § 110-1102 (b); Ga. L. 1945, p. 137; Ga. L. 1959, pp. 236, 237), is not one for equitable relief. *Phoenix Assur. Co. v. Glens Falls Ins. Co.,* 215 Ga. 650 (112 SE2d 588), and cases cited; *Reid v. Standard Oil Co. of Ky.,* 218 Ga. 289 (127 SE2d 678). A prayer for *permanent* injunction, however, when supported by sufficient allegations to authorize the grant of such relief, does confer jurisdiction on the Supreme Court. *Solomon v. Mayor &c. of Savannah,* 183 Ga. 631, 634 (7) (189 SE 230); *Hudon v. Village of North Atlanta,* 219 Ga. 179 (132 SE2d 74). That only interlocutory, or temporary, injunctions are intended to be included in actions at law under *Code Ann.* § 110-1102 (b) is indicated by the provision therein for the granting of "injunction and *other interlocutory* extraordinary relief. . ." (Emphasis supplied.)

The present petition, which was denominated "Petition for declaratory judgment and equitable relief" and sanctioned by the trial judge, not only contains a prayer for a permanent injunction, but also alleges, in addition to the plaintiff's right to a declaratory judgment, that a permanent injunction is necessary to prevent the defendant from interfering with or acting contrary to the plaintiff's exercise of his rights and powers under an alleged power of attorney. These allegations are sufficient to show that the prayer for a permanent injunction is not spurious and, hence, to extend the Supreme Court's jurisdictional power to this case, even if it should be considered a "bad equity case," which is defined as "those cases where the pleadings of the party who invokes the aid of equity, while for some reason not sufficient to set forth a cause in equity, allege facts and contain prayers raising a substantial question as to whether the pleader is entitled to relief in equity." *State Hwy. Dept. v. Hewitt Contr. Co.,* 221 Ga. 621, 623, supra. Accordingly, the appeal is

*Transferred to the Supreme Court. Hall and Eberhardt, JJ., concur.*

Argued January 3, 1967—Decided January 20, 1967.

*John R. Calhoun,* for appellant.

*Joseph B. Bergen, Converse Bright, Edenfield, Heyman & Sizemore, Newell Edenfield,* for appellee.