## 29780. SMITH v. REPUBLIC LAND & INVESTMENT CORPORATION.

NICHOLS, Chief Justice.

Appellant brought this action under the Second Mortgage Act of 1966 (Ga. L. 1966, pp. 574, 576, as amended; Code Ann. § 57-201) to declare principal and interest on a loan forfeited for usury, to cancel the underlying note and second security deed and for a refund of all payments made. The trial court denied appellant's motion for summary judgment and he appealed to the Court of Appeals upon a certificate of immediate review. The Court of Appeals transferred the appeal to this court. Appellee has filed a motion in this court to return the appeal to the Court of Appeals.

1. The record fails to show that the trial court passed upon appellee's constitutional attack on the Second Mortgage Act. Therefore, the appeal does not draw into question the constitutionality of a statute. *Hood v. Rice,* 225 Ga. 327 (168 SE2d 150); *Undercofler v. United States Steel Corp.,* 219 Ga. 264 (133 SE2d 11).

2. Appellant's prayer for cancellation of the note does not vest jurisdiction of the appeal in this court on the ground that it is an equity case. "A court of equity will not assume jurisdiction of a suit merely to cancel promissory notes on the ground that they have been paid or otherwise satisfied." *Loftis v. Security Mortgage Co.,* 180 Ga. 480 (2) (179 SE 108). See also *Mock v. Darby,* 219 Ga. 597 (1) (134 SE2d 805).

3. While appellant has prayed for cancellation of the second security deed, the allegations of his complaint show that prior to filing this action he had sold the subject property to a third party, paid the balance of the indebtedness to an escrow agent, and no longer claimed an interest in it. Moreover, appellant has not urged any independent equitable ground for cancellation of the security deed. His action is therefore based solely on a legal claim for damages and is not an equity case. *Brown v. Wood,* 227 Ga. 548 (181 SE2d 860); *Gentry v. Consolidated Credit Corp.,* 227 Ga. 459 (181 SE2d 388); *Sutker v. Pennsylvania Ins. Co.,* 223 Ga. 58 (153 SE2d 540); *Moore v. Moore,* 188 Ga. 303 (1) (4 SE2d 18). A mere

prayer for specific equitable relief does not convert an action at law to one in equity so as to vest jurisdiction of the appeal in this court where the complaint affirmatively shows that appellant is not entitled to the equitable relief prayed for. See *Hudon v. North Atlanta,* 219 Ga. 179 (132 SE2d 74); *Stevenson v. City of Atlanta,* 225 Ga. 190 (167 SE2d 151).

4. Other equitable issues involving temporary injunctive relief having been removed from the case, jurisdiction of the appeal is in the Court of Appeals. *Kingsbury v. Exxon Corp.,* 234 Ga. 144; *Bonny Corp. v. McCarthy,* 227 Ga. 460 (181 SE2d 370).

*Appeal returned to the Court of Appeals. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Gunter, J., who dissents.*

ARGUED APRIL 15, 1975 — DECIDED APRIL 29, 1975.

*Swertfeger, Scott, Pike & Simmons, Joseph Szczecko,* for appellant.
*Van Gerpin & Bovis, John V. Burch,* for appellee.