36691, 36692. DEPARTMENT OF TRANSPORTATION v. CLAUSSEN PAVING COMPANY; and vice versa.

PER CURIAM.

After entry of judgment denying its motion for judgment notwithstanding the verdict, the Department of Transportation (DOT) appealed from judgment entered on the jury's verdict against DOT. No appeal had been taken within thirty days from entry of judgment against DOT on the jury's verdict. Neither did DOT file a motion for new trial. DOT's appeal is Case No. 36691.

In the cross appeal, Case No. 36692, Claussen Paving Company (Claussen) appeals the denial of its motion to dismiss DOT's motion for judgment notwithstanding the verdict.

The appeal and cross appeal were filed in the Court of Appeals and transferred to this court.

The claims on which Claussen recovered judgment against DOT arose out of a contract between DOT and Claussen for the widening of a portion of State Route 21 in Chatham County.

1. Claussen's amended complaint sought, *inter alia,* reformation of the contract prices and time. The jury verdict reformed the contract time. DOT contends that Claussen is not entitled to reformation; that Claussen's monetary recovery, if any, must be based upon the contract unit prices, and that the recovery of additional time for completion must be based upon the contract provisions regarding extensions of time. The trial court charged the jury that they could base their verdict, if any, for Claussen as to time and money on the doctrine of reformation, and Claussen contends here that the jury's verdict as to time and money is supportable on this basis.

Assuming, arguendo, that the DOT is correct in its contentions that Claussen's recovery is limited by the terms and conditions of the contract, the case nonetheless properly is pending here since this court hears such equity cases whether "good" or "bad." *State Highway Dept. v. Hewitt Contracting Co.,* 221 Ga. 621 (146 SE2d 632) (1966). Our equity jurisdiction is not invoked, however, by the demands in this case for temporary and permanent injunctive relief ancillary to the demand for declaratory judgment. *Bowery Savings Bank v. DeKalb County,* 239 Ga. 398 (236 SE2d 757) (1977).

2. In Case No. 36692, Claussen contends that the trial court should have dismissed rather than denied DOT's motion for judgment notwithstanding the verdict since no proper predicate was laid for that motion in accordance with the provisions of Code Ann. § 81A-150 (b) because DOT did not make a motion for directed verdict at the close of all the evidence. DOT acknowledges that it did not make a motion for directed verdict at the close of all the evidence; rather, that it made one motion for directed verdict at the close of Claussen's case-in-chief and made another motion for directed verdict at the close of its defense but before Claussen presented its rebuttal testimony. DOT contends that either of these motions was a sufficient predicate under Code Ann. § 81A-150 (b).

Claussen's position finds support in decisions of the Court of Appeals and of the federal courts. *Georgia S. & F. R. Co. v. Blanchard,* 121 Ga. App. 82 (4) (173 SE2d 103) (1970); *Ace Parts & Distributors, Inc. v. First National Bank,* 146 Ga. App. 4, 6 (4) (245 SE2d 314) (1978); 5A Moore's Federal Practice, ¶ 50.08; 9 Wright and Miller, Federal Practice and Procedure, § 2537. On the other hand, DOT's position is supported by the language of Code Ann. § 81A-150 (b),

which allows "a party who has moved for a directed verdict" to move for judgment notwithstanding the verdict without expressly limiting this right to those parties who have so moved at the close of all of the evidence or at the close of the case. A majority of the members of this court are aware that the words, "at the close of all the evidence" appear in the first sentence of Code Ann. § 81A-150 (b), but is of the opinion that those words do not deny to a defendant who has moved for a directed verdict at the close of the plaintiff's evidence the opportunity to move for judgment notwithstanding the verdict on the grounds presented in his motion for directed verdict. The *Blanchard* and *First National* cases, supra, are disapproved and overruled to the extent that they conflict with this opinion.

The trial court did not err in denying Claussen's motion to dismiss DOT's motion for judgment notwithstanding the verdict. The judgment in the cross appeal, Case No. 36692, must be affirmed.

3. Affirmance in Case No. 36692 disposes of the second enumeration of error in Case No. 36691. This court is not precluded from considering the first and third enumerations contending, respectively, that the evidence does not support the verdict and that the trial court erred in denying DOT's motion for directed verdict relating to its defenses based on its interpretation of the contract. The sufficiency of the evidence to support the verdict may be reviewed despite the fact that no motion for new trial was filed. Code Ann. § 6-702 (a). The Appellate Practice Act authorizes direct review of the order overruling the motion for directed verdict. Code Ann. § 6-702 (b).

4. DOT's failure to file a motion for new trial does not preclude consideration of DOT's fourth, fifth and sixth enumerations of error contending, respectively, that the trial court erred in denying DOT's motion for continuance, in charging the jury twice on the measure of damages, and in allowing counsel for a subcontractor who had been dismissed from the case to continue participating in the trial of the case between Claussen and DOT. A motion for new trial was not a procedural prerequisite to appellate review of these enumerations of error. Code Ann. § 6-702 (a).

5. DOT contends in its first enumeration of error that the evidence fails to support the verdict as to all monetary claims except the jury verdict of $179,441.99 relating to asphalt. Claussen contends that this enumeration of error has been abandoned. This court disagrees. DOT's brief argues the first and second enumerations of error together. Contrary to Claussen's contentions, no motion or objection need have been made by DOT in the trial court as a predicate to a contention in this court that the evidence does not

support the verdict. Code Ann. § 6-702.

DOT concedes that the jury verdict of $179,441.99 in favor of Claussen, relating to asphalt, is supported by testimony in the transcript establishing that Claussen sustained losses in that sum. However, DOT contends, and Claussen does not deny, that there is no evidence in the transcript that Claussen sustained losses in the amount of $80,380.11 regarding the curb, gutter and related concrete items. Rather, the only testimony was that one of Claussen's subcontractors, Dixon, sustained losses in that amount relating to or arising from that work. At no point in the transcript does any evidence appear that Dixon had made a claim against Claussen for his losses, or that Dixon's losses were to be borne by Claussen. There is no evidence in the transcript that Claussen would have to pass on to Dixon the amount of its recovery against DOT for this item of damages.

Similarly, the evidence relating to losses arising from earthwork, stone used in maintaining driveways, and pipe backfill material was that Anderson, another Claussen subcontractor, sustained the losses in the amounts awarded by the jury to Claussen. DOT attempted to introduce the subcontract between Claussen and Anderson into evidence but the trial court excluded it on objection of Claussen. Anderson first had been a defendant in this action and, while a defendant, had filed a counterclaim against Claussen. Anderson later was realigned as a plaintiff and ultimately was dismissed as a party on the ground that it lacked privity of contract with DOT. Furthermore, Claussen had assigned to Anderson any claim it might have relating to these items of the contract. The trial court held the assignment was invalid as to DOT. That ruling has not been appealed. However, the validity of the assignment as between Claussen and Anderson was not attacked in the trial court.

Claussen does not contravert DOT's factual representations about what the record and transcript show regarding who lost how much in regard to which items of the contract work. Rather, Claussen contends that as general contractor it is entitled as a matter of law to recover in behalf of its subcontractors the sums they (not Claussen) lost as a result of the difference between the work that was required to be done to complete the project and the work as represented to the bidders in the bidding documents.

DOT contends that it is axiomatic that a plaintiff contractor must show that he, himself, has been injured; that it is insufficient to show that some third party subcontractor not in privity with DOT has been injured without further showing that as a result thereof the plaintiff also has been injured. Put another way, it is insufficient proof for a prime contractor who is suing an owner to prove that his

subcontractor has sustained injury or damage through fault of the owner unless the prime contractor goes further and shows that he somehow is responsible to the subcontractor for those damages. This is the law in this state. In *Bass v. Postal Telegraph-Cable Co.,* 127 Ga. 423, 428 (56 SE 465) (1906), this court held: ". . . the plaintiff seeks to recover from the telegraph company on the ground that by reason of its mistake he could not fulfil a contract with a third person without loss or expense . . . So far the only damage alleged has been sustained by his vendee, not by him. He may never pay anything to his vendee. The latter may never sue him; or if so, he may have a good defense to an action so brought, and may be able to defeat it; or his vendee may delay suing until the bar of the statute of limitations has attached . . . The plaintiff seeks to recover, not for damage which he has sustained, but for damage which he is in danger of sustaining."

Claussen contends this court should adopt as the law of Georgia the approach taken to these issues by the federal courts in cases involving claims for equitable adjustment under federal contracts, that is, that Claussen, as the prime or general contractor, had a legal right to recover in its own name all of the damages awarded in the absence of a showing by DOT that Claussen *is not* liable for such damages to its subcontractors. Morrison-Knudsen Co. v. United States, 397 F2d 826, 852 (Ct. C1. 1968). This court declines to overrule *Bass,* supra, and to adopt the federal approach to this issue.

The evidence wholly fails to support the verdict as to all elements of damages recovered by Claussen except the $179,441.99 relating to asphalt.

Similarly, the evidence supports an award of only 90 days of additional time to Claussen; not the 120 days awarded by the jury.

6. The third enumeration of error presents DOT's contentions that the trial court erred in denying its motion for directed verdict based on provisions of the contract documents. DOT argues that Claussen is not entitled to reformation of the contract in equity. Rather, that Claussen's recovery should have been determined in accordance with the unit price and time extension provisions of the contract documents. DOT contends that the contract documents give DOT the right to increase or decrease the quantities of the unclassified excavation and net in place embankment (the pay items) by paying the unit prices bid by Claussen.

Claussen contends that DOT knew the earthwork quantities set forth in the bidding documents were incorrect because DOT changed the cross section sheets prior to bidding but did not, through oversight, revise the summary of earthwork quantities that was included with the bidding documents. DOT does not dispute this

fact. Claussen contends that DOT may not rely in this case upon the contract changes clause because DOT is not *increasing* or *decreasing* the quantities; rather, DOT is *correcting* the earthwork quantities. Claussen contends it is entitled to reformation of the contract as to time and price because DOT "falsely represented or breached a warranty that the relative quantities of excavation and net in-place embankment shown in the Proposal, the Summary of quantities, the Detailed Estimate and even on the cross section sheets themselves were in fact approximate and computed from the actual cross section sheets, when the State actually knew that such was not the case."

This court disagrees with Claussen and DOT. When DOT increases or decreases units of work for which the contract documents provide a unit price, the contractor is obligated to accept payment on the basis of the unit price times the number of units of work done *if* the alteration in the plans or quantities of the work does not require a supplemental agreement. § 109.04 of the "Yellow Book." If no supplemental agreement is required, the contractor is paid on the unit price basis and "no allowance will be made for increased expense, loss of expected reimbursement, or loss of anticipated profits suffered or claimed by the Contractor, resulting either directly from such alterations, or indirectly from unbalanced allocation among the Contract Items of overhead expense on the part of the Bidder and subsequent loss of expected reimbursement therefor, or from any other causes." Id. The contract documents provide for a supplemental agreement to be executed "whenever an alteration in the character of the work involves a substantial change in the nature of the design or in the type of construction" if the "alteration materially increases or decreases the cost of performance." § 104.03 of the "Yellow Book".

The testimony of Claussen's witnesses was that the altered performance (building the roadbed from more ditch dirt and less sand) materially increased the cost of hauling and compacting the roadbed materials and that this alteration substantially changed the type of construction necessary to meet the compaction tests. Claussen's expert witness, another highway contractor, testified that the critical point is not that the number of cubic yards of the two pay items changed by large percentages; rather, that building the roadbed using more ditch dirt and less sand made the project into an entirely different and more costly job than the job on which bids were submitted. DOT's evidence was that the change in percentages of the two pay items did not involve either a substantial change in the nature of the design or in the type of construction; and that Claussen's losses resulted from Claussens's having submitted an

unbalanced bid and from Claussen's not pursuing the work in a workmanlike manner. Claussen had allocated all of its costs of compaction to the unit price for net in place embankment and none of those costs to the unit price for unclassified excavation so that when the number of units of net in place embankment was decreased and the number of units of unclassified excavation was increased Claussen was not able to recover under its bid unit prices any costs of compaction allocable to the changed work. DOT's evidence also tended to show that Claussen did not adequately man and equip the job and coordinate and pursue the work. Accordingly, there are unresolved questions of fact which take this case out of the usual rule that the issue of whether or not the alterations were "substantial" would be one of law for the court.

The contentions and evidence of the parties fit exactly within the provisions of the contract. If the jury believed that the design or the type of construction was changed substantially, thereby materially increasing the cost of performance, then DOT should not have refused to execute a change order compensating Claussen for its increased costs. On the other hand, if the jury believed that neither the design nor the type of construction was changed substantially, or, if changed substantially, that this did not materially increase the cost of performance, which cost increased instead because of poor job performance, then DOT was entitled to hold Claussen to the unit price structure and Claussen was not entitled to recover losses resulting from unbalanced bidding of the costs of compaction.

However, the trial court submitted the case to the jury on Claussen's theory that Claussen was entitled to reformation in equity of the contract prices and time. When DOT refuses to enter into a supplemental agreement to which the contractor is entitled, the contractor's remedy is not in equity for rescission or reformation of the contract; rather, the contractor simply should sue in quantum meruit to recover his additional costs. *State Highway Dept. v. Hewitt Contracting Co.,* 221 Ga. 621, supra, 624 (3); *State Highway Dept. v. Hewitt Contracting Co.,* 113 Ga. App. 685, 687 (1) (149 SE2d 499) (1966). Accordingly, the trial court erred in submitting the time and price claims to the jury on a theory of reformation.

Code Ann. § 81A-150 (e) provides that "Where error is enumerated upon an order denying a motion for directed verdict, and the appellate court determines that such motion was erroneously denied, it may direct that judgment be entered below in accordance with the motion, or may order that a new trial be had, as the court may determine necessary to meet the ends of justice under the facts of the case." This court determines that it would be unjust under the facts of this case to direct that judgment be entered below in accordance

with the motion for directed verdict because Claussen is entitled at the least to compensation in accordance with the unit price provisions of the contract documents. Accordingly, the trial court is directed to grant Claussen a new trial on all issues, including the asphalt claim.

Similarly, a new trial must be granted on the issue of whether Claussen is entitled to an extension of time in accordance with the contract provisions.

7. The trial court did not abuse his discretion by denying DOT's motion for a continuance to study the legal implications of the assignment of rights from Claussen to Anderson. Neither did the trial court improperly express an opinion on whether or not Claussen was entitled to damages by charging the measure of damages twice. Nor did the trial court abuse his discretion by allowing Anderson's attorney to participate with Claussen's attorney in the presentation of Claussen's case after Anderson had been dismissed as a party.

*Judgment affirmed in Case No. 36692; reversed in Case No. 36691. All the Justices concur, except Nichols, J., who dissents as to Division 2.*

ARGUED OCTOBER 14, 1980 — DECIDED NOVEMBER 25, 1980 — REHEARING DENIED DECEMBER 17, 1980.

*Arthur K. Bolton, Attorney General, Roland F. Matson, Marda H. Purcell, Assistant Attorneys General,* for appellant.
*John M. Tatum, Stanley E. Harris, Jr.,* for appellee.