**BROOKHAVEN LANDSCAPE & GRAD-ING CO., INC., Plaintiff-Appellee,**

v.

**J. F. BARTON CONTRACTING COMPA-NY and United States Fidelity and Guaranty Co., Defendants-Appellants.**

No. 81–7059.

United States Court of Appeals, Eleventh Circuit.

July 29, 1982.

Warren O. Wheeler, Mary J. Workman, Atlanta, Ga., for defendants-appellants.

Stokes & Shapiro, J. Ben Shapiro, Sidney Haskins, Atlanta, Ga., for plaintiff-appellee.

Before MORGAN, TJOFLAT and JOHN-SON, Circuit Judges.

PER CURIAM:

This Court heard oral argument in this case on February 8, 1982, and on May 17,

1982, the Court issued its decision in a published opinion, 676 F.2d 516. On May 27, 1982, the parties, by joint motion of their attorneys, moved this Court to modify its judgment by deleting Section II of the opinion or, in the alternative, to dismiss the appeal. The thrust of the joint motion is that the Court's comments in Section II unfairly criticize counsel's performance at oral argument and the motion asks that this Court either expunge that portion of the opinion or dismiss the entire appeal. We deny this alternative motion.

■ As to that portion of the motion asking that the opinion be modified, we conclude that Section II of the opinion is not "dicta" as characterized by the motion now presented and that portion of the Court's opinion is fully warranted by counsel's substantial lack of familiarity with the district court's disposition of the issues in this case, and the record itself. This Court is empowered to regulate attorneys' practice before it. Fed.R.App.P. 46; Eleventh Circuit Rule 7. In cases in which neither formal disciplinary action nor default is warranted, this Court may censure attorneys for their failure to comply fully with the Rules of the Court and may establish rules designed to secure future compliance.

As stated in the Court's opinion in this case, Federal Rule of Appellate Procedure 28 and Eleventh Circuit Rule 22 make it very clear that each attorney is responsible for a complete and accurate presentation of the issue presented for review in the course of proceedings and its disposition in the court below. Moreover, it is the responsibility of the appellant to bring to the Court those portions of the record which will sustain its claims of error. In this particular case the defendants-appellants' contentions squarely challenged the district court's treatment of the contract at issue. During oral argument the Court asked counsel for both sides for an account of the district court's action concerning the contract. The Court attempted to find out exactly what transpired at trial in the following four respects:

1. Whether the district court had specifically construed the contract at any point as a matter of law, and, if so, how the court had construed it.
2. How the court had instructed the jury on the contract, whether the court had submitted the contract to the jury without construing it, and whether the jury had made findings of fact on the contract.
3. Whether the defendants had preserved their claim that the court erred by submitting the contract to the jury; and
4. Whether the record reflected objections to the court's submission of the contract to the jury or any of the jury instructions complained of on appeal.

In response to these and related questions, counsel either failed to offer answers or in some instances gave conflicting answers within the course of the same presentation. Counsel several times attempted to excuse or explain their lack of familiarity with the proceedings in the district court by stating that they were not present at trial. At one point the Court asked plaintiff's counsel whether there was anyone then present who could respond to its questions. While plaintiff's counsel stated that one trial counsel was present in court, neither plaintiff nor defendants tendered or introduced anyone to answer the Court's questions even though both sides had an opportunity to do so.

■ The questions asked by this Court in this case were important to the outcome. The construction of a contract is a question of law unless there are ambiguities which must be resolved by reference to the evidence. *See Department of Transp. v. Claussen Paving Co.,* 246 Ga. 807, 273 S.E.2d 161, 165–66 (1980). This proposition, however, merely states the rule of law to be applied once the rulings and proceedings below have been accurately explained, and after the Court determines which claims of error the appellant has preserved. Because a full and accurate explanation of these issues forms the basis of relief sought by defendants and opposed by plaintiff, they

should have been discussed in the attorneys' briefs. Because they were not, it was the duty of the attorneys who appeared for oral argument before this Court to be prepared to discuss fully and accurately the facts and proceedings that occurred in the district court. The observations of this Court as set out in Section II of the published opinion were entirely appropriate and under the circumstances completely justified and warranted. The motion to the extent it seeks modification of the opinion by deleting Section II thereof is without merit.

Federal Rule of Appellate Procedure 42 allows dismissal of an appeal on joint motion. However, the decision to grant or deny a motion to dismiss is within the discretion of the Court of Appeals. *Matter of Penn Central Transp. Co.*, 630 F.2d 183, 188 (3rd Cir. 1980); *United States v. Washington*, 573 F.2d 1117, 1118 (9th Cir. 1978); *Blount v. State Bank*, 425 F.2d 266 (4th Cir. 1970); *see Moore v. Tangipahoa Parish Sch. Bd.*, 421 F.2d 1407 (5th Cir. 1969). This Court routinely grants unopposed motions to withdraw the appeal before the case has been submitted to a panel for decision. *See* Eleventh Circuit Rule 16. This case, however, presents an entirely different question in that the motion to dismiss is filed and presented after the Court has rendered and published a decision in the case and on the basis of the attorneys' dissatisfaction with a portion of the opinion of the Court.

A motion to withdraw or dismiss the appeal filed after a decision has been rendered and published by the Court of Appeals is not timely. While in rare cases there may be a valid reason to withdraw a decision and opinion once published, it would be completely inappropriate to allow parties to frustrate the business of this Court by demanding dismissal of an appeal whenever they disagree with or are chagrined by something in the Court's opinion.

Accordingly, it is ORDERED that the joint motion now presented seeking to modify the opinion of this Court or, alternatively, to dismiss the appeal is hereby DENIED.