SHOWTIME/THE MOVIE CHANNEL, INC., Southeastern Cable Corporation, Sunbelt–Denntronics Cable, Ltd., Sunbelt Cable, Ltd., Sunbelt Cable Corporation and ESPN, Inc., Plaintiffs, Counterclaim Defendants–Appellees,

v.

COVERED BRIDGE CONDOMINIUM ASSOCIATION, INC., Defendant, Counterclaim Plaintiff–Third–Party Plaintiff–Appellant

Harold Berger, Herbert Gross, Jack Tager, Bertha Goodman, Seymour Paris, Louis Lax and Frank Steinberger, Defendants–Appellants,

Dennis Chambers, etc., et al., Third–Party Defendants.

No. 88–5422.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1990.

Spencer M. Sax, Sachs & Sax, P.A., Peter S. Sachs, Boca Raton, Fla., for defendants-appellants.

Terry Bienstock, Frates, Bienstock and Sheehe, Miami, Fla., Allan H. Hoffman, West Palm Beach, Fla., for plaintiffs, counterclaim defendants-appellees.

Before CLARK and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.

BY THE COURT:

The court heard oral argument on this case on April 26, 1989, and issued a published opinion affirming the district court on August 24, 1989, at 881 F.2d 983.[1] The mandate has not yet issued. Unknown to this court, the parties agreed to a settlement of this lawsuit on August 1, 1989. On August 2, 1989, the district court entered an order of dismissal. The district court noted therein that it expected the parties to file a Stipulation of Settlement within two (2) weeks. On August 18, 1989, the parties executed a stipulation of settlement, and that agreement was filed in the United States District Court for the Southern District of Florida on August 21, 1989. The terms of the settlement agreement required the appellants, Covered Bridge Condominium Association, Inc., *et al*, to dismiss this appeal on or before September 1, 1989. The parties also agreed to the entry of a permanent injunction against the appellants. In documents filed on September 1, 1989, and after this court had issued its opinion, the appellants moved both to dismiss the appeal pursuant to Fed.R.App.P.

1. The facts are contained in our previous opinion and need not be repeated here. We note, however, that the primary issue before us on that appeal was the propriety of the district court's granting of the plaintiffs-appellees' request for a permanent injunction.

42 and to vacate the opinion rendered on August 24, 1989. The appellees, despite making the dismissal of this appeal a condition of settlement, oppose the motions to dismiss the appeal and to vacate the opinion. Exercising our discretion, we dismiss the appeal, vacate our opinion and remand the case to the district court.

█ As a preliminary matter, we address the appellants' argument that we are compelled to dismiss the appeal and to vacate the opinion in light of the district court's dismissal of this case on August 2, 1989. As a consequence of that dismissal, the appellants argue that the case became moot. The appellants filed their notice of appeal on April 29, 1988. The appeal was docketed on May 5, 1988. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 401, 74 L.Ed.2d 225, 228 (1982); *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274, 281 (1985), *reh'g denied,* 471 U.S. 1062, 105 S.Ct. 2127, 85 L.Ed.2d 491 (1985). The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded. *See e.g., Matter of Thorpe,* 655 F.2d 997 (9th Cir.1981).

█ Neither of the above exceptions is applicable to this situation, and we have discovered no reported case addressing the jurisdictional authority of a district court to dismiss a case during the pendency of an appeal pursuant to a stipulation of settlement which at the time of the purported dismissal had been neither consummated by the parties nor filed with the court. By implication, however, the district court is without jurisdiction to exercise the authority to dismiss the case. The established practice of the appellate courts in dealing with a civil case from a court in the federal system which has become moot pending appeal is to vacate the judgment below and to remand with instructions to dismiss. *See e.g., United States v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950); *United States v. Miller,* 685 F.2d 123 (5th Cir. Unit B 1982); [2] *In re Ghandtchi,* 705 F.2d 1315 (11th Cir.1983). The nearly universal recitation of the above language—"remand with instructions to dismiss"—implies that in most if not in all instances district courts have deferred to the jurisdictional authority of the appellate courts to manage the cases on their dockets. This deference effectuates the laudable policies of finality of judgment and judicial economy, and it avoids the confusion which would result from the simultaneous assertion of jurisdiction by two courts over the same matter. *See Griggs,* 459 U.S. at 58, 103 S.Ct. at 401, 74 L.Ed.2d at 228. Accordingly, we hold that the district court in this case was without jurisdiction to dismiss this case and that its attempt to do so had no force or effect.

There remains the merits of the appellants' motions to dismiss the appeal and to vacate our opinion. Fed.R.App.P. 42 allows the dismissal of an appeal on joint motion. "However, the decision to grant or deny a motion to dismiss is within the discretion of the Court of Appeals." *Brookhaven, Etc. v. J.F. Barton Contr. Co.,* 681 F.2d 734, 736 (11th Cir.1982). While this circuit routinely grants unopposed motions to withdraw the appeal before its submission to a panel for decision, *see id.* at 736, the instant case is not so routine. First, the appellees oppose the motions. Second, the motion to dismiss and the motion to vacate the opinion both were filed after a panel of this court had rendered and published a decision.

█ "A motion to withdraw or dismiss the appeal filed after a decision has been rendered and published by the Court of Appeals is not timely." *Id.* at 736. We will grant a motion to dismiss an appeal and to withdraw a decision and opinion once published only in rare cases and for

---

**2.** In *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit adopted as precedent all decisions of Unit B of the former Fifth Circuit.

valid reason. This is so because we cannot permit "parties to frustrate the business of this Court by demanding dismissal of an appeal whenever they disagree with or are chagrined by something in the Court's opinion." *Id.*

■ Here, two factors persuade us that the dismissal of the appeal and the withdrawal of the opinion are proper. First, the parties have settled this case, and they have included among the conditions of that settlement the dismissal of this appeal. Second, and more important, an additional condition of the settlement is the entry of a permanent injunction, the very relief sought by the appellees. As noted earlier at footnote 1, the propriety of the district court's entry of an injunction was the primary issue before us on appeal. We affirmed the grant of that injunction. The parties through their settlement have effectuated that ruling. Moreover, the appellees do not contest the terms of the settlement or deny their agreement. Therefore, we think it appropriate to exercise our discretion to dismiss this appeal and to vacate our earlier opinion.[3]

Accordingly, we GRANT the appellants' motion and hereby order this appeal dismissed and our previous opinion vacated. This case is REMANDED to the district court to implement the terms of the settlement agreement.

---

**3.** The appellees' argument that we should deny the appellants' motions because of the "precedential value" of our opinion is, at best, self-serving. We are left to wonder whether our opinion would be of similar precedential value had we ruled other than we did.

Allan L. Hoffman, a third-party defendant in this case, also has filed a response in opposition to the appellants' motions to dismiss the appeal and to vacate the opinion. In its order of March 22, 1988, the district court struck from the record the appellants' counterclaim naming Hoffman as a third-party defendant. The propriety of that action was not before us on appeal, and Hoffman did not file a brief during the progress of that proceeding. The settlement agreement provides for the dismissal of the counterclaim against Hoffman without prejudice. Hoffman has neither requested nor received permission to file a response to the appellants' motions. Since the district court's dismissal of the counterclaim was not before us on appeal, and since the effects of the settlement agreement upon Hoffman are purely speculative, we do not consider Hoffman's response in opposition to the appellants' motions.