In re WALLACE'S BOOKSTORES,
INC., Debtor.

Bernard Katz, Liquidating Supervisor
for Wallace's Bookstores, Inc., et
al., Plaintiff,

v.

New River Community College,
Defendant.

Bernard Katz, Liquidating Supervisor
for Wallace's Bookstores, Inc., et
al., Plaintiff,

v.

Virginia Military Institute, Defendant.

Bernard Katz, Liquidating Supervisor
for Wallace's Bookstores, Inc., et
al., Plaintiff,

v.

Central Virginia Community
College, Defendant.

Bernard Katz, Liquidating Supervisor
for Wallace's Bookstores, Inc., et
al., Plaintiff,

v.

Blue Ridge Community College,
Defendant.

Bankruptcy No. 01–50545.
Adversary Nos. 03–5041, 03–
5068, 03–5081, 03–5093.

United States Bankruptcy Court,
E.D. Kentucky,
Lexington Division.

Sept. 13, 2005.

Jeremy Rogers, Lexington, Kentucky, for plaintiff.

Sarah Charles Wright, Lexington, Kentucky, for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM S. HOWARD, Bankruptcy Judge.

The Plaintiff in these cases has moved to dismiss Count I of the Complaint in each case. While the amount sought against each Defendant varies, Count I in each case is a contract count seeking damages against the Defendants for breach of contract. The Plaintiff in these cases is a liquidating trustee under a confirmed Chapter 11 Plan who is charged with assembling all of the assets of the Debtor for distribution. The Defendants in these cases are colleges or universities that are state schools in the Commonwealth of Virginia. All Defendants have asserted, by way of motions and answers, sovereign immunity as a complete defense to all of the counts asserted against them by the Plaintiff. The Defendants have made motions to dismiss the within action based upon their claim of sovereign immunity and those motions have been overruled by this court based upon *Hood v. Tennessee Student Assistance Corp.*, 319 F.3d 755 (6th Cir.2003) *aff'd on other grounds, Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

On appeal, the United States District Court for the Eastern District of Kentucky affirmed this court's denial of Defendants' motions to dismiss. Appeal was then taken to the United States Court of Appeals for the Sixth Circuit which also affirmed the denials of the motions to dismiss on sovereign immunity grounds. That court entered, on October 8, 2004, an order staying the mandate in the appeal until the Defendants' petition for writ of certiorari to the United States Supreme Court was acted upon. The United States Supreme Court has granted certiorari, *Cent. Virginia Com. College, et al. v. Katz*, —— U.S. ——, 125 S.Ct. 1727, 161 L.Ed.2d 601 (2005), and appeal is now pending before that court and scheduled for oral argument in the term beginning October, 2005. Under the terms of the stay of the mandate issued by the United States Court of Appeals for the Sixth Circuit, the mandate in this matter is stayed pending a ruling by the United States Supreme Court.

The Plaintiff has filed a motion seeking dismissal, with prejudice, of its Count I, the contract count, in each of the Complaints. The Defendants have opposed the motion and have filed memoranda asserting that this court is without jurisdiction to take action, including the dismissal upon Plaintiff's motions, on these matters for the reason that the appeal pending thereon deprives this court of jurisdiction to rule on matters which are on appeal. For the reasons set forth below, this court agrees that it lacks jurisdiction to consider the dismissal of Count I and will therefore overrule the motions of the Plaintiff.

The pending appeals in this matter from denial of the Defendants' motions to dismiss relate to the Defendants' claim of sovereign immunity. That claim, as this court reads the motions, is asserted as to all causes of action contained in each of the

complaints. As such, this court holds that the appeal which is pending relates to each and every count asserted against the Defendants which includes the count sought to be dismissed by Plaintiff. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 401–02, 74 L.Ed.2d 225 (1982). The United States Court of Appeals for the Sixth Circuit has further elaborated: "As a general rule, a district court loses jurisdiction over an action when a party perfects an appeal unless that appeal is untimely, is an appeal from a non-appealable non-final order, or raises only issues that were previously ruled upon in that case by the appellate court." *Rucker v. U.S. Dep't of Labor*, 798 F.2d 891 (6th Cir.1986). See also *In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir.2002) for appeal from the bankruptcy court. No assertion has been made in this action that the appeal of this court's order was untimely, was a non-appealable non-final order, or raised issues previously ruled upon by the appellate court.

A related matter was considered by the United States Court of Appeals for the Ninth Circuit where the parties had agreed to dismiss the case and it was dismissed by the district court before receipt of a written stipulation and prior to the entry of the appellate ruling. In that matter the court recited:

> Neither of the above exceptions is applicable to this situation, and we have discovered no reported case addressing the jurisdictional authority of a district court to dismiss a case during the pendency of an appeal pursuant to a stipulation of settlement which at the time of the purported dismissal had been neither consummated by the parties nor filed with

the court. By implication, however, the district court is without jurisdiction to exercise the authority to dismiss the case.

*Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n, Inc.*, 895 F.2d 711 (11th Cir.1990). If the district court was powerless to dismiss upon agreement of the parties pending appeal, albeit by a stipulation not yet filed with the district court, it would seem that the district court, and this court as a unit of the district court, are powerless to dismiss where only the Plaintiff seeks dismissal of one of the claims it has asserted against the Defendants.

IT IS THEREFORE ORDERED that the Motions to Dismiss Count I in the above actions be, and the same hereby are, OVERRULED.